3913.   CAIN *v.* THE STATE.

RUSSELL, J.   1. The verdict was not, for any reason assigned, erroneous.

2. The admissions of the State's counsel were not at variance with the allegations in the indictment, and the verdict of guilty was authorized by the evidence.

3. When, in the course of a judicial investigation, an attorney at law, by the authority or permission of the court, administers the oath to a witness, he does so in behalf of the court. Consequently it may properly be alleged in an indictment assigning perjury upon the testimony of such a witness, delivered in a court of inquiry, that the oath was administered by the presiding magistrate.

4. A conviction of the offense of perjury is authorized when the evidence shows that on the prior investigation the accused testified wilfully, knowingly, absolutely, and falsely, in substance, to the effect alleged in the indictment. It is not necessary that the proof as to the alleged false testimony shall correspond literally with the allegations of the indictment.

5. None of the assignments of error based upon a variance between the allegations of the indictment and the proof are sustained by the record.

*Judgment affirmed.*

DECIDED JANUARY 30, 1912.

Indictment ror perjury; from Morgan superior court—Judge Walker presiding.   December 9, 1911.

*Percy Middlebrooks,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

---

3918.   DUKES *v.* THE STATE.

POTTLE, J.   It was for the jury to say whether they would believe the State's witness, who testified directly to a sale of intoxicating liquor by the accused, or credit the witnesses offered to impeach him. The trial judge having approved the verdict, this court will not interfere.

*Judgment affirmed.*

DECIDED JANUARY 30, 1912.

Accusation of sale of liquor; from city court of Carrollton—Judge Beall.   November 22, 1911.

*Buford Boykin,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.