## 5716. HAYS v. THE STATE.

RUSSELL, C. J. 1. The court did not err in refusing to continue the case upon the showing that the absent witness was in the State of Tennessee, and therefore not subject to the processes of the court.

2. The fact that members of a jury who had been previously empanelled to try the accused upon the same indictment (the hearing, however, resulting in a mistrial) commingled for two days with the jurors in attendance upon the court and from whom the jury to try the case were to be selected, afforded no ground for a continuance, especially since it was not made to appear to the court that the probable jurors knew how the previous jury stood, nor that any of the jury who had previously heard the evidence and agreed to a mistrial had approached any jurors or attempted to influence them, or even had discussed the case with any of them. Any prejudice or bias resting upon the mind of any juror, due to his association or communication with any member of the previous jury, could properly have been ascertained from his answers upon the voir dire, or, if this were insufficient, by putting the jurors severally upon the court as a trior.

3. Where the act does not designate the length of a term of a superior court, the judge may adjourn the court from week to week, and require the attendance of the same panel of jurors during the adjourned session. *Cribb* v. *State,* 118 *Ga.* 316 (6), 318 (45 S. E. 396). For this reason, since it did not appear from the defendant's challenge to the array, based upon the ground that only thirty jurors were drawn, whether the challenge referred to the original drawing of jurors for the March term of Chattooga superior court or to a drawing of tales jurors by the court during the term, the assignment of error is not sufficiently specific to present anything for the consideration of a reviewing court. In the absence of proof to the contrary, it is to be presumed that the judge of the superior court originally drew thirty-six names of persons to serve as petit jurors at the March term of the superior court, in accordance with section 856 of the Penal Code, and that the names of the thirty jurors to whom the assignment of error refers were those of talesmen drawn by the court, in its discretion, for any probable emergency re-

quiring the presence of jurors in addition to those composing the regular panels.

4. When a witness offered for the purpose of proving that a female who is alleged to have been seduced was not virtuous prior to the alleged seduction declined to answer certain pertinent questions, on the ground that so doing would incriminate himself, the whole of his testimony upon the subject should have been ruled out. *Pinkard* v. *State*, 30 *Ga.* 757; *Young* v. *State*, 65 *Ga.* 527; *McElhannon* v. *State*, 99 *Ga.* 672 (2), 681 (26 S. E. 501).

5. The opinion of a witness is admissible in evidence in the discretion of the court when the facts and circumstances are not capable of being clearly detailed and described; the weight and probative value of the opinion being for determination by the jury and dependent upon the nature of the fact to which the opinion relates. A witness may testify to the use of persuasion by another, although not able to state the possibly indescribable means constituting the persuasion. *Glover* v. *State*, 15 *Ga. App.* 44 (82 S. E. 602).

6. While judicial interrogation is not generally to be commended, a trial judge has the right to propound questions to a witness for the purpose of eliciting the truth and in the interest of justice, provided that in the exercise of this right he neither intimates nor expresses any opinion upon the testimony nor in any other way prejudices the rights of either of the parties. In the present case the assignment of error, that the asking of the questions "emphasized the importance of the evidence adduced and showed clearly to the jury the trend of the court's mind in reasking the questions," is incomplete, in that it does not appear from the assignment of error itself what the answers were to the questions alleged to have been previously asked; nor is the statement that the asking of the questions showed the trend of the court's mind a sufficient or definite allegation that the mind of the court favored the prosecution rather than the defendant.

7. The instruction of the court to which exceptions are taken is not subject to the objection that it is confusing and fails clearly to state the law of seduction. It did not take away from the jury the right to determine from the evidence whether or not the female alleged to have been seduced was in fact seduced, or prevent the jury from considering all the pertinent facts. Under the law in Georgia a woman is a virtuous female if her body be pure; and if she has never had sexual intercourse with another, he who first has sexual intercourse with her may be guilty of seduction though both her mind and heart be impure, and though "other parties might have taken liberties with her such as hugging and kissing."

8. The evidence authorized the verdict, and there was no error in refusing to grant the motion for a new trial.

*Judgment affirmed. Broyles, J., not presiding.*

Decided February 18, 1915.

Indictment for seduction; from Chattooga superior court—Judge Wright. April 21, 1914.

*Wesley Shropshire,* for plaintiff in error.

*W. H. Ennis, solicitor-general, W. B. Shaw,* contra.