## 6054. WIGGINS *v.* THE STATE.

On the trial of one charged with murder the exclusion of testimony, offered in his behalf, that the person killed had a violent character, was proper, in the absence of evidence that the slayer knew of that character. The foundation for the introduction of such testimony could not be laid in the defendant's statement to the jury, the statement not being made under oath or restricted by rules of evidence, and the defendant not being subject to cross-examination.  (RUSSELL, C. J., dissents.)
                    DECIDED JUNE 25, 1915.

Indictment for murder; from Washington superior court—Judge Rawlings. October 10, 1914.

Wiggins was convicted of voluntary manslaughter, under an indictment charging the murder of Dock Thomas, and excepted to the refusal of his motion for a new trial, alleging that the verdict was contrary to law and to the evidence, and that the court erred in excluding the testimony of certain witnesses who would have testified that they were acquainted with the general character of Dock Thomas for turbulence and violence, and that they knew that character to be bad, "when it appeared from the statement of the defendant (there being no eye-witness to the actual difficulty other

than the wife of the deceased, who was over one hundred yards away in the darkness) that the deceased was the assailant and aggressor in the difficulty and, at the time he was shot, was making a violent attack upon the defendant with a deadly weapon."

*Evans & Evans,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.

RUSSELL, C. J. The majority of the court are of the opinion that this case is controlled by the ruling in *Vaughn* v. *State,* 88 *Ga.* 731 (16 S. E. 64), in which it was held, that "in making his statement to the jury as provided for by statute, the prisoner not being sworn as a witness, nor subject to cross-examination, nor restricted by the rules of evidence, he can not lay the foundation for introducing in his favor evidence that would otherwise be inadmissible;" and consequently that the trial judge did not err in excluding testimony as to the violent and turbulent character of the deceased, offered in behalf of the prisoner, it not appearing by evidence that the character of the deceased in that respect was known to the accused. *Daniel* v. *State,* 103 *Ga.* 202 (29 S. E. 767); *Baker* v. *State,* 142 *Ga.* 619 (83 S. E. 531). For my part, I think that under the rule that a defendant charged with murder can introduce proof that the deceased was a person of violent and turbulent character, where it is shown prima facie that the defendant had been assailed and was honestly seeking to defend himself (*Doyal* v. *State,* 70 *Ga.* 134), the statement of the accused alone may present such a prima facie case as to authorize the introduction of proof aliunde that the deceased was a man of violent and turbulent character. If, in according to the statement of a defendant preference over the sworn testimony, the jury may acquit the defendant, certainly in a doubtful case the statement may provide such a prima facie case that the prisoner was assailed, and that it was necessary to defend himself, as to allow him corroboration and require the admission of any testimony tending to illustrate to the jury the motive by which he was actuated. *Keener* v. *State,* 18 *Ga.* 223 (63 Am. Dec. 269).

*Judgment affirmed. Russell, C. J., dissents.*