24235. HENDERSON, *alias* BURKE, *alias* CHOKEY, *v.*
THE STATE.

DECIDED OCTOBER 16, 1934.

*Frank A. Bowers,* for plaintiff in error.
*John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

GUERRY, J. 1. While it is true that by numerous decisions of the Supreme Court and this court it has been said that under section 4863 of the Civil Code (1910) a trial judge should not, while charging upon a statement made by one on trial for a criminal offense, use language calculated to impress the jury that they should be cautious in giving credit to what he says, or in any manner to use language which might disparage the statement of the accused

(*Potter* v. *State,* 117 *Ga.* 693, 45 S. E. 37; *Smith* v. *State,* 109 *Ga.* 479, 35 S. E. 59; *Jenkins* v. *State,* 123 *Ga.* 523, 51 S. E. 598; *Alexander* v. *State,* 114 *Ga.* 266, 40 S. E. 231; *Cook* v. *State,* 40 *Ga. App.* 125, 149 S. E. 79), yet in numerous decisions, it has also been held that it is not error for the trial judge, while charging upon the statement of the accused under § 1036 of the Penal Code, to remind them of the circumstances which may impair the force of such statement or which should enable them to give it the weight to which it was entitled. *Poppell* v. *State,* 71 *Ga.* 276; *Klug* v. *State,* 77 *Ga.* 735; *Ratteree* v. *State,* 77 *Ga.* 774; *Hendricks* v. *State,* 73 *Ga.* 577; *Teasley* v. *State,* 105 *Ga.* 842 (32 S. E. 335); *Harrison* v. *State,* 28 *Ga. App.* 554 (112 S. E. 293); *Ryals* v. *State,* 125 *Ga.* 266 (54 S. E. 168). Therefore, it was not error to instruct the jury that "If he failed to tell you the truth, he incurred no penalty by reason of his failure," although it might be better practice to charge with reference to the defendant's statement only in the language of the code section.

(*a*) Nor was it error to instruct the jury that the defendant "was not subject to cross-examination without his consent." Penal Code, § 1036; *Donalson* v. *State,* 40 *Ga. App.* 360 (149 S. E. 429); *Murray* v. *State,* 85 *Ga.* 378 (11 S. E. 655); *Cargile* v. *State,* 137 *Ga.* 775 (74 S. E. 621); *Brent* v. *State,* 44 *Ga. App.* 777 (163 S. E. 319).

2. There was sufficient evidence before the jury to authorize the verdict of voluntary manslaughter.

3. The remaining assignments of error are without merit, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*