26025.   WILLIFORD *v.* THE STATE.

DECIDED JUNE 18, 1937.

*B. C. Williford, Giles & Scheck,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J. The defendant was indicted on five counts for perjury. The nature of the charge in each count was set out in the opinion in the case when it was before this court on demurrer, and for the sake of brevity will not be repeated here. *Williford* v. *State,* 53 *Ga. App.* 334 (185 S. E. 611). The jury found the defendant guilty on counts 1, 2, 3, and 4, and not guilty on count 5, and fixed his punishment at not less than two years and not more than three years on each count; whereupon the court sentenced the defendant accordingly, and provided that all of the sentences were to run concurrently. The present writ of error calls into question the legality of his conviction.

■ In many of the grounds of the motion for new trial, in a motion in arrest of judgment, and in a motion to set aside the verdict, the defendant assigns various reasons why the disbarment suit brought against him in Fulton County, and out of which the present indictment for perjury arose, is "void and a nullity," and from this premise he arrives at the conclusion that perjury can not be committed in such suit under the Code, § 26-4001, and therefore that his conviction is illegal. The fallacy of this argument lies in the premise assumed by defendant, for the reasons assigned do not make the disbarment suit "void and a nullity," and thus rob it of its character as a "judicial proceeding." When the disbarment proceeding was filed against the defendant, he filed under oath the various pleas out of which this indictment arose. At the time of the indictment, and at the time of the trial, it appears that no action had been taken in the disbarment suit. As examples of the defendant's contentions in this connection, he says that the disbarment suit "was the third suit by and between the same parties, containing the same subject-matter; [and] the two previous suits having been filed and dismissed and/or discontinued, the plaintiff was barred from filing the present suit [disbarment], and by reason thereof the present indictments based thereon are void;" and further, that the "things charged against him in the same suit to disbar occurred December 21, 1921, and by reason thereof they are stale and barred by laches and equitable limitations; the suit is a nullity, and the indictments based thereon are

void by reason thereof." We have not examined into the merits of whether the disbarment suit must fail because of such facts, because, as we have already stated, even granting that it must, this furnishes no legal reason why perjury, as charged in the present case, could not have been committed therein. When the indictment was before this court on demurrer, this court ruled that false statements made in pleadings under oath may be the basis for an indictment for perjury, and that it was not necessary that the proceeding in which, as the indictment charges, the perjury was committed, be terminated. *Williford* v. *State,* supra. In such situation the defendant may be put to trial under the indictment, although there has been no action taken in the disbarment proceedings. The fact that the evidence adduced at the trial of the defendant for perjury may disclose that the disbarment proceeding is subject to general demurrer, or must fail for some reason other than the lack of jurisdiction in the court of the subject-matter, or the legality of the court in which it was filed, does not take away its character as a "judicial proceeding," so as to prevent a conviction for perjury committed in pleadings filed therein. This appears to us to be very sound and substantial law, and to need no citation of authority.

■ In several of the grounds of the motion for new trial it is contended that the verdict is contrary to law and evidence, because the evidence does not disclose that a legal oath was administered to the defendant, or that he was sworn to the affidavits on which the indictment for perjury is based. An inspection of the testimony of W. R. Biggers, the notary public before whom the affidavits were made, makes it clear that this assignment is without merit. While it is true that he testified that he did not read to the defendant the affidavit, or the oath, or the contents of the pleadings, yet he testified that the defendant prepared the pleadings and the affidavit and brought them before him, and that at that time he inquired of defendant as follows: "You swear the contents of this paper are true and correct?" To which inquiry the defendant replied, "I do," and that thereupon he executed the affidavit. If, at the time of tendering the papers to the officer administering the oath, the defendant used language signifying that he consciously took upon himself the obligation of an oath, and the officer so understood and immediately signed the jurat,

44

this amounted to such concurrence of act and intention as will constitute a legal swearing. *McCain* v. *Bonner*, 122 *Ga.* 842 (4) (51 S. E. 36); *Mitchell* v. *Masury*, 132 *Ga.* 360 (8) (64 S. E. 275); *New Jersey Insurance Co.* v. *Rowell*, 33 *Ga. App.* 552 (2 *b*) (126 S. E. 892). The case of *Britt* v. *Davis*, 130 *Ga.* 74 (60 S. E. 180), is distinguishable. There no oath was administered, nothing was said about an oath or the truth of the contents of the paper. This also applies to *Bertha Mineral Co.* v. *Buie*, 27 *Ga. App.* 660 (109 S. E. 539), and *Jackson* v. *State*, 34 *Ga. App.* 519 (130 S. E. 360).

■ While on the stand the defendant stated to the jury: "In furtherance of what I said about Tift County, Judge Eve certified to the Supreme Court of Texas that I was a lawyer in good standing on August 7, 1923. He is the judge before whom all these proceedings were had." On objection by the solicitor the court excluded this statement from the jury, in so far as it stated the contents of the certification. It appears from a note appended to this ground by the judge that at the time the defendant made this statement he held a paper in his hand, and that immediately after the objection of the solicitor the defendant's attorney stated, "He is going to introduce it." It was thereupon submitted to the court, and was held inadmissible. The document was not admissible in evidence without proof of its authenticity (Code, § 38-630), and the judge properly ruled it inadmissible. While it has been stated by our courts that the defendant in his statement can not lay the foundation for the introduction of evidence which is otherwise inadmissible (*Vaughn* v. *State*, 88 *Ga.* 732 (2), 16 S. E. 64; *Medlin* v. *State*, 149 *Ga.* 23, 98 S. E. 551; *Chapman* v. *State*, 155 *Ga.* 393, 117 S. E. 321; *Wiggins* v. *State*, 16 *Ga. App.* 477, 85 S. E. 674), and that it is not error to refuse to allow the defendant to *read* to the jury from papers and documents not introduced in evidence (*Wells* v. *State*, 97 *Ga.* 209 (2), 22 S. E. 958; *Allen* v. *State*, 150 *Ga.* 706 (3), 105 S. E. 369), and by way of obiter dicta some doubt has been expressed as to whether a defendant, after stating that he received a certain letter or knows of the existence of a paper, should be allowed to *state* the contents of such letter or paper (*Woodard* v. *State*, 5 *Ga. App.* 447, 450, 63 S. E. 573), yet if the courts are to follow the plain language of the statute that a defendant "shall have the

*right* to make to the court and jury *such statement* in the case *as he may deem proper* in his defense" (Code, § 38-415), and the oft-announced principle that a defendant in making his statement is not to be circumscribed by rules of evidence, it is plain to this court that the defendant should have been allowed to state that the certification was that "he was a lawyer in good standing;" and this is true even though the paper in actual fact does not in express terms so certify. The reasons for the opinion of the learned trial judge in the *Woodard* case do not appeal to this court. Rules of evidence are framed for the purpose of seeking the highest sources in the ascertainment of the truth. Thus it is said that the best evidence of what a paper contains is the paper itself; for to allow a party to testify at will as to what unproduced documents contain makes it difficult for the opposite party to rebut it. It is an unreliable form of proof. However, this is merely a rule of evidence by which the defendant, in making his statement to the jury, is not bound. A defendant may state to the jury that A told him something that B said concerning the affair for which he was indicted. This, as evidence, would be pure hearsay, but we apprehend that no court would hold that the defendant did not have the right, under our Code, to state it. Are we to exclude such a statement until either A or B is produced to corroborate it? That in actual fact A did not so state to the defendant is a matter of rebuttal evidence for the State, going to the credibility of the defendant's statement. It is to be remembered that in criminal jurisprudence the right of the defendant to make such statement to the court and jury as he deems proper in his defense, which is not under oath, and the truth of which may not be tested by cross-examination, is an anomaly. It is not evidence, and the jury may give it such weight as they see fit; they may believe it in preference to the sworn testimony, or disregard it altogether. The defendant was allowed to state that Judge Eve had written a letter for him to the Supreme Court of Texas, but was not allowed to state that it was a letter certifying that he was a lawyer in good standing. The mere right of stating to the jury that a certain letter had been written on his behalf was a hollow right, if he could not state the contents of the letter or his construction of the letter. Whether the letter was as the defendant stated was a matter for rebuttal evidence on behalf of the State; and whether the jury

accepted this as truth was a matter in their discretion. The judge may remind the jury "of the circumstances which may impair the force of such statement or which should enable them to give it the weight to which it was entitled" (*Henderson* v. *State,* 50 *Ga. App.* 16, 176 S. E. 811). However, he has no right, because of such circumstances, to restrict the defendant in making to the jury *such statement* as he deems best in his defense. We are not concerned with the wisdom of this right, nor do we think that it should be of much concern to the court, in such a case, as to what was excluded, and as to whether its exclusion could, in a technical legal sense, have been harmful to the defendant; for it is not so much the evidence excluded, as it is the restriction of the right of the defendant to make such statement as he may deem best in his defense, which may be harmful to the defendant. It is at least presumptively harmful.

■ Under two counts of the indictment there was an issue as to whether the defendant wilfully and knowingly swore falsely that he was not a resident of Fulton County at the time the disbarment suit was instituted against him, but was a resident of Tift County. The disbarment suit out of which the present indictment arose was filed against the defendant in Fulton County in April, 1935. The State was permitted to introduce in evidence, over the objection of defendant, a certified copy of pleadings in a certain suit to disbar the defendant, brought in Atkinson County in 1929. In this certified copy was a plea to the jurisdiction, filed by the defendant, in which he alleged that he was not a resident of Atkinson County but was a resident of Tift County. We have not been able to understand in what particular this evidence was relevant to any issue on the trial. It certainly did not tend to illustrate that the defendant was a resident of Fulton County or that he was not a resident of Tift County at the time the disbarment proceedings were instituted, nor was it evidence of the fact that he had been convicted of forgery in Tift County, nor was it evidence that the disbarment suit brought against him in Tift County was withdrawn, which was the case to be made by the State under the allegations of the indictment. These pleadings contained various allegations of crimes committed by the defendant in Atkinson County, naming them and setting them out; and since we are of the opinion that the petition, in whole or in part, illus-

trated no issue in the case, we think that the introduction of the pleadings in evidence, over objection of defendant, was harmful and prejudicial.

■ The court allowed a witness for the State to testify concerning a suit to disbar the defendant that was mailed to the clerk of the superior court of Atkinson County; and further, that when received, this suit had entered thereon a purported order of the judge of that circuit dismissing the same, which order was a forgery. We are not able to understand the relevancy of this testimony under the allegations of the indictment. We presume that the intimation was, or was intended to be, that the defendant committed the forgery. In fact this was one of the charges made against the defendant in the suit which was filed in Atkinson County to disbar him, and which we have discussed in the preceding division of this opinion. If so, it was error to allow its introduction. The defendant was not on trial charged with the forgery of this purported order of the judge.

■■ In one count of the indictment the defendant was charged with having committed perjury in falsely swearing that a certain quoted order of the judge, set out in a purported copy of the disbarment proceedings against him in Tift County, which copy was attached to his plea, disposing of this suit was "Dismissed in open court, This Dec. 5, 1922, R. Eve, J.S.C.,T.C.," when in truth and in fact the order was: "Upon motion of R. D. Smith, one of the petitioners, and atty. for petitioners, the within petition is withdrawn. In open court, this Dec. 5, 1922, R. Eve, J.S.C.,T.C." The State introduced the plea setting out this purported copy in evidence, and it contained the order as alleged in the indictment, but had written thereafter, "As I remember this order when filed," which words were shown to have been written in the plea by the defendant after he had sworn to the paper and at the time he was presenting it to the trial judge to have the same allowed. This proof constituted no variance from the allegations of the indictment. See generally, in this connection, *McLaren* v. *State,* 4 *Ga. App.* 643 (2) (62 S. E. 138); *Cain* v. *State,* 10 *Ga. App.* 473 (4) (73 S. E. 623).

■ As to the ruling in headnote 8 we wish to make the following observation: The entire record before this court numbers 561 typewritten pages. The brief of evidence numbers 331 pages,

which consist in part of 112 pages of documentary evidence. This documentary evidence consists of 54 separate exhibits. There is a motion in arrest of judgment, and a motion to set aside the verdict, on various grounds. There is a motion for new trial, containing 122 grounds. To this motion are appended 12 certificates of the trial judge with reference to the contents of many of the grounds. The writer of this opinion has always been reluctant to apply purely technical rules of appellate practice, such as the requirement that a ground of a motion for new trial must be complete and understandable within itself, where it was reasonably possible to understand the nature of the complaint made, taking into consideration the time necessary to do so. However, it becomes necessary for a reviewing court for its self-preservation to require a reasonable compliance with its rules in the presentation of alleged errors. Many, or we might conservatively say a majority, of the 122 grounds of the motion for new trial in the present case are utterly unintelligible unless reference is made to various parts of the record, and some are not understandable as to the exact questions attempted to have passed on, even though reference is made to the record. As an example, one of the grounds of the motion is as follows: "Because, as movant contends, the following evidence by R. A. Moore, attorney, witness for the State, and the illegal and prejudicial statement by the solicitor Ed. Stephens, was error, to wit: 'Q. Was the boy named Ben Junior? A. That is my understanding. I don't know. Let me explain: How I happen to know about his wife and child, Mr. Williford got in some little difficulty down there and at his request . . Mr. Giles: Your honor, I respectfully submit that has no bearing on this case. I object to it as irrelevant and immaterial. It sheds no light on this case. The witness: I am explaining. . . Mr. Giles: I am objecting to the explanation. The court: I will rule out the part about getting into a difficulty. Mr. Stephens: This indictment charges a difficulty. It sets up a difficulty in which he was indicted, tried, convicted, and sentenced. If it was that difficulty . . ' Movant contends that the statements by both the witness Moore, and the solicitor Stephens, together with the evidence, were highly harmful and prejudicial, and put the defendant's character in issue without his consent." This and similar grounds are not considered.

Headnote 9 needs no elaboration, except to state that this court can not consider many of the grounds of the motion for new trial, because they are not unqualifiedly approved by the judge. The rulings made cover every substantial question properly raised by the writ of error. Some of the assignments of error have not been considered, because it is not likely they will recur on another trial of the case. A new trial is ordered, because of the errors pointed out in divisions 3, 4, and 5 of this opinion.

*Judgment reversed. Sutton, and MacIntyre, JJ., concur. Broyles, C. J., disqualified.*