EVANS *v.* THE STATE.

No. 12111. January 14, 1938.

*B. J. Dantone, James R. Venable,* and *R. E. Church,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Roy Leathers, solicitor-general, Ellis G. Arnall, W. H. Duckworth,* and *David H. Ansley,* contra.

Bell, Justice. Louis Evans was convicted of the offense of rape. His motion for new trial was overruled, and he excepted. The motion contained the general grounds and two special grounds added by amendment.

■ It is contended that the court erred in allowing the female alleged to have been raped to testify, "I kept thinking some one would come along and I could hollo to them," over the following objection: "conclusion, irrelevant, what she thought, inadmissible." It appears from the record that the witness had testified that the offense occurred in a wooded section into which the defendant had pulled her from the public road, after exhibiting a knife and stating that he would kill her if she screamed, and that the testimony objected to was given in the following connection: "As to what I did to hinder or delay or put off being carried into the woods: I talked to him, tried to get him to reason and leave a nice girl alone, and go on and get that kind of a girl if he wanted one. He said he didn't want that kind of a girl. I kept thinking some one would come along and I could hollo to them." The court did not err in admitting the testimony to which the objection was made. It was admissible, with the other evidence, to explain the failure of the female to give an alarm or outcry before the alleged commission of the offense, and to illustrate her conduct in trying "to get him to reason" and leave her alone. Clearly there is no merit in this ground of the motion for a new trial. See *Smith* v. *State,* 77 *Ga.* 705 (2); *Huey* v. *State,* 7 *Ga. App.* 398, 404 (66 S. E. 1023).

■ There was evidence of flight, but it was contended by the

defendant that the jury would have been authorized to find that he fled not from a consciousness of guilt but for other reasons, and error is assigned upon the failure of the court to instruct the jury in effect that if they found that the defendant did flee for other reasons than a consciousness of guilt, no conclusion harmful to him should be drawn from such evidence. The complaint is based upon a mere omission to charge, as no request was made. This ground related only to a collateral issue; and as to such an issue the judge is not required to instruct the jury, unless requested to do so, in the manner prescribed by law. *Patterson* v. *State,* 134 *Ga.* 264 (3) (67 S. E. 816); *Watson* v. *State,* 136 *Ga.* 236 (6), 240 (71 S. E. 122). Accordingly, the second ground does not show any cause for reversal.

■ The brief filed by the attorneys for the plaintiff in error contains no reference whatever to the general grounds, and the assignment of error based thereon will be treated as abandoned. *Green* v. *Lingo,* 180 *Ga.* 853 (181 S. E. 148). The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*