## 30806. FOSTER *v.* THE STATE.

DECIDED MARCH 16, 1945. REHEARING DENIED MARCH 27, 1945.

*John F. Echols,* for plaintiff in error.

*Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant assigns error on the general grounds and on several special grounds, all of which we will deal with in the order presented.

■ Under the evidence as above set forth there is no merit in the assignments of error under the general grounds.

■ (a) The first special ground assigns error on the refusal to grant a mistrial because of the evidence given by the witness Faircloth to the following effect: "I know him [the defendant], know his name. He had a reputation for selling whisky." If it could be said, and we do not agree with that contention, that the statement of the court did not cure the alleged harm, still the evidence shows, under the whole record, that it was admissible. We make this statement because it appears from the record that when the remark was made by the witness he was under cross-examination. At this point counsel for the defendant was pressing the witness as to just why he approached a stranger on the streets for the purpose of buying liquor, whereupon the witness answered that he had been directed to the defendant, and the reason he approached him was because he had a reputation for selling whisky. To state it differently, the attorney for the defendant by his cross-examination brought into the picture the conduct of the officer. This being true, the evidence was admissible to explain the conduct of such officer. The answer of the witness served to explain his conduct and served to save his testimony from disrepute before the jury as to being unreasonable and unauthorized. Moreover, there will be found in *Eden* v. *State, 43 Ga. App.* 414 (159 S. E. 134), an expression of this court on this question, adverse to the defendant's contention.

(b) The remaining contention is that the statement of the defendant made to the officer to the effect that the defendant took the responsibility, and admitted that the whisky found was his, and for the officers not to lock up any of the other occupants of the houses, rendered such confession inadmissible. It is urged that this was not such an unconditional confession as would render it of probative value. There is no evidence in the record that the officers induced the defendant to make such confession. So far as the record goes this whole proposition originated in the defendant's own mind without being excited by anyone else. The Supreme Court, in dealing with this question, states that the hope

or fear contemplated by the statute must be induced by another. A hope or fear which originates in the mind of the person making the confession and which originates from seeds of his own planting would not exclude a confession. *Hill* v. *State*, 148 *Ga.* 521 (4) (97 S. E. 442).

The court did not err in overruling and dismissing the certiorari for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*