32359. WALKER ELECTRICAL COMPANY *v.* SULLIVAN
*et al.*

DECIDED MARCH 18, 1949. REHEARING DENIED MARCH 30, 1949.

*Haas & Hurt, J. Corbett Peek Jr.,* for plaintiff.

*Heyman, Howell & Heyman, Hugh Howell Jr., Morris B. Abram,* for defendants.

SUTTON, C. J. (After stating the foregoing facts.) 1. This is an action based on a violation of a contract of bailment. In special ground 1 of the motion for a new trial, error is assigned on the failure of the trial judge to charge the provision of Code § 12-104, as to burden of proof, which is as follows: "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." In special ground 2, error is assigned on excerpts from the charge of the court as follows: "The effect of the pleadings, gentlemen of the jury, is to put the burden of proof on the plaintiff, the party suing, to show to your satisfaction by a legal preponderance of the evidence that the allegations they make are true." "I charge you, gentlemen, that for the plaintiff to recover in this case, it must be shown to your satisfaction that the defendant did not exercise ordinary care and diligence in transporting this press, and that it was damaged by reason of defendants' failure to exercise such ordinary care and diligence in moving it." "But if the plaintiff shows to your satisfaction that the defendant did not employ ordinary care and diligence in the transport of this press, and the machinery was damaged by reason of such failure, under the rules the court has given you in charge, then it would be your duty to find for the plaintiff." It is contended, among other things, that by the failure to charge the provisions of Code § 12-104, on which error is assigned in special ground 1, the jury was caused to believe that the plaintiff carried the burden of proof throughout the case

and had to prove by a preponderance of evidence that the defendants were negligent in moving the machine; and that the charge as given, on which error is assigned in special ground 2, was confusing and misleading to the jury in respect to the burden of proof, in that it put the burden on the plaintiff of showing the absence of ordinary care and diligence on the part of the defendants, whereas the law puts the burden on the defendants of proving proper diligence; and that it was an incorrect statement of the law in this kind of a suit, and was inapplicable and misleading to the jury.

This is an action by a bailor against bailees for hire for damage to property resulting from the dropping of a machine while being moved and under the control of the bailees. While the question of negligence on the part of the bailees is a necessary ingredient of the action, the bailor is only required to prove a loss or damage to the property while under the control of the bailees, which would include damage resulting from injury to the property while under the control of the bailees. This may be done by either direct or circumstantial evidence; and when done it is then presumed that the bailee was negligent unless the bailee shows to the satisfaction of the jury that he exercised proper diligence. This is the rule laid down in Code § 12-104, quoted supra. Did the dropping of the machine by the defendants cause the bearings to burn out? It was a precision machine, and there is evidence that the dropping of the machine could have caused it to become sprung, and that this could have caused the bearings to burn out; that there are two bearings which are supposed to be parallel, and if not, it will reduce bearing service; that if sprung ten-thousandths of an inch, the machine will be a quarter of an inch out of line. The evidence was sufficient to raise an issue for the jury to determine as to whether or not the damage resulted from injury to the property while under the control of the bailees. Inasmuch as the bailees admitted liability for the apparent damage resulting from the dropping of the machine, this was tantamount to an admission that the bailees were liable for any damage which actually resulted from the dropping of the machine. Recovery on the part of the bailor for more than $32, which was admitted by the defendants, depended solely on the question of whether or not the jury believed from the facts and circumstances of the case that the dropping of the .

machine was the cause of the bearings burning out. Under the facts of this case, it was error for the court to fail to charge the provisions of Code § 12-104, as contended in special ground 1 of the motion, and was error to charge the jury as complained of in special ground 2 of the motion.

2. Special ground 3 of the motion is merely an elaboration of the general grounds, based on the contention that the admission of liability in respect to the apparent damage to the machine required the jury to find some amount in favor of the plaintiff. This contention is well taken. In point of fact, the defendants admitted on the trial that they were ready and willing to pay $32 to the plaintiff, and they state in this court that they are still ready and willing to pay this amount.

3. The trial judge erred in overruling the plaintiff's motion for a new trial.

. Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., Parker and Townsend, JJ., concur. Felton and Gardner, JJ., dissent.*

FELTON, J., dissenting. The evidence relied on by the plaintiff to prove that the press was damaged while in the defendants' possession in such a way as to cause the bearings to burn out was wholly circumstantial and was insufficient for that purpose. The evidence only showed that the dropping of the press as it was dropped *could possibly* have sprung the press so as to cause the bearings to burn out. There was no evidence to show that the press was in good condition when it went into the possession of the bailees. Since the plaintiff did not make out a prima facie case by introducing evidence which would have authorized the jury to find that the press was damaged while in the possession of the bailees, a verdict for the defendants was demanded, except for the amount admitted to be due by the defendants; and any error in the charge was harmless. The judgment should be affirmed with direction that it be for the plaintiff in the sum of $32, with costs against the plaintiff in error. I am authorized to state that GARDNER, J., concurs in the foregoing dissent.