36813. GADDY *et al. v.* THE STATE.

DECIDED SEPTEMBER 13, 1957.

346

R. L. Addleton, for plaintiffs in error.

Andrew J. Whalen, Jr., Solicitor-General, contra.

GARDNER, P. J. ■ The evidence is amply sufficient to sustain the judgment.

■ Special ground 1 assigns error because it is alleged that the court erred in admitting evidence, over objections, from a police officer of the city of Griffin. Counsel for the defendants asked the police officer: "What led you to pick up these boys?" The police officer answered: "Mr. Kidd told me they had just got out of prison and they were brothers. He said they had just got out of prison. I checked my records, the only three brothers we knew of were the Gaddy boys. We checked, and they were in Griffin and one had got out on Saturday." Counsel for the defendants moved for a mistrial on the ground that the character of the defendants was put into evidence by the answer of the officer, without having been solicited by counsel. The motion was denied by the trial judge. Defendants' counsel asked the officer the cause of their arrest. The officer could give no answer other than the one given, under the truth of the situation as it existed. Counsel asked a question which left the field wide open for a reply such as was given and counsel can not complain of the outcome.

Counsel for the defendants cite *Felton* v. *State*, 93 *Ga. App.* 48 (90 S. E. 2d 607) as authority for reversal. We have read

the facts of that case and find that they are such as to take that case out of the scope of the facts of the case at bar and not binding authority for reversal. In *Scott* v. *State*, 57 *Ga. App.* 187 (1) (194 S. E. 844) this court said: "The ground of the motion for new trial complaining of the admission of certain testimony of a witness for the State is without merit, since the ground discloses that the testimony was elicited from the witness (presumably, on cross-examination) by counsel for the *movant*. Where counsel on the cross-examination of a witness takes a chance by propounding a dangerous question, he will not be heard to object to the answer, no matter how prejudicial it may be, if the answer is a direct and pertinent response to the question." See also *Brown* v. *Wilson*, 55 *Ga. App.* 262 (2) (189 S. E. 860); *Foster* v. *State*, 72 *Ga. App.* 237 (2) (33 S. E. 2d 598); and *Anderson* v. *Brown*, 72 *Ga.* 713, 714 (8). This special ground is not meritorious.

■ Special ground 2 is disapproved expressly by the trial court and therefore is not before this court for consideration. See *Williford* v. *State*, 56 *Ga. App.* 40 (9) (192 S. E. 93) wherein this court said: "The grounds of a motion for new trial must be distinctly approved by the trial judge. Grounds not approved or verified by him will not be considered by this court." There are many other decisions to the same effect.

The court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs in the judgment.*