36840. HOLMES *v.* HARDEN.

DECIDED SEPTEMBER 16, 1957.

366

368

*William F. Woods,* for plaintiff in error.

*Walden & D'Antignac,* contra.

GARDNER, P. J. ■ The automobile was placed in the hands of the defendant by the plaintiff and carried the relationship of bailor and bailee. Ordinary care was required of the bailee. The evidence shows that the bailor left the automobile with the bailee and gave specific instructions to the bailee as to the place and manner of parking the automobile, which instructions had been followed for many months with the full knowledge of the bailor. The automobile was left unlocked with the key in the switch in front of other automobiles, thus placing the automobile in front of the filling station in a place tempting to thieves, and this was done under the specific instructions of the bailor, as shown by the evidence and the pleadings. Under these circumstances there was nothing shown which would indicate that the

bailee was guilty of less than ordinary care for the automobile. The specific evidence on this point is shown hereinabove. The general grounds are not meritorious.

■ Special ground 1 assigns error on the following excerpt from the charge of the court: "Now, then, within the time permitted by law, the defendant, after admitting that he did receive the automobile under arrangements wherein it was to be parked and kept, denies that he was guilty of negligence and contends that he exercised ordinary care in the keeping of the automobile."

The plaintiff contends that the part of the charge, "after admitting that he did receive the automobile under arangements wherein it was to be parked and kept," is an incorrect statement of the contentions of the defendant and further contends that said quoted charge was erroneous in that the reasonable meaning and effect was to infer that there was a mere "arrangement" whereby the plaintiff could park his automobile on the property of the defendant.

We construe this charge to show the contentions of the parties in relation to the pleadings and evidence. The court did this in a fair manner and it is our opinion that such was not prejudicial and harmful to the plaintiff and could not have misled the jury. This assignment of error is not meritorious.

■ Special ground 2 assigns error because it is alleged that the court erred in charging the jury as follows: "The burden of proof is upon the plaintiff to sustain his contentions by a preponderance of the evidence, the preponderance of evidence being that superior weight of the evidence which, while not enough to wholly free your minds from a reasonable doubt, should be sufficient to incline the minds of reasonable persons to one side of the issue rather than to the other. In order for the plaintiff to recover it is not necessary that he establish each and every allegation of negligence. It is necessary that he establish some one of them. He would not be entitled to recover on any act of negligence not specifically pleaded." It should be noted in this respect that the court charged further as follows: "The question of whether the defendant did exercise ordinary care in protecting the property bailed is a question for you to determine. The burden of proof is upon the defendant to sustain his conten-

tion that he did exercise ordinary care. The rule is as I have previously charged you with respect to the burden of proof upon the plaintiff to sustain his contentions. The same rule would apply. In order to defeat the plaintiff's action the burden of proof is on the defendant to show that he did exercise ordinary care. Ordinary care is that care and diligence which a prudent person would exercise under the same or similar circumstances. The lack of such care is ordinary negligence." When we consider the charge of the court as a whole, which must be done, the excerpt of which complaint is made shows no reversible error. *Richter Bros.* v. *Atlantic Co.*, 59 *Ga. App.* 137 (200 S. E. 462) was predicated on pleadings and facts entirely different from those of the instant case. This is likewise the situation in *Hawkins* v. *Davie*, 136 *Ga.* 550 (71 S.E. 873) and *Walker Electrical Co.* v. *Sullivan*, 79 *Ga. App.* 13 (52 S. E. 2d 477). *Goodyear Clearwater Mills* v. *Wheeler*, 77 *Ga. App.* 570 (49 S. E. 2d 184) and *Elliott* v. *Levy*, 77 *Ga. App.* 562 (49 S. E. 2d 179).

■ Special ground 3 asigns error on the failure to charge the provisions of Code § 12-104 regarding burden of proof. The court charged that the burden of proof is on the plaintiff to sustain his contentions by a preponderance of the evidence, and defined preponderance of evidence. It was charged that each and every act of negligence need not be proved, and that the burden of proof is on the defendant to sustain the contentions that ordinary care was used under the facts and circumstances of the case at bar. The court defined ordinary care and bailments. It is our opinion that the court properly charged on the subject matter of this special ground. It follows that there is no merit in this contention.

■ Special ground 4 assigns error because the court charged as follows: "In contracts for bailment the law defines the care and diligence required of the bailee, or the person taking the property under contract of bailment. That definition is as follows: 'All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed.'"

The plaintiff contends that this excerpt was not applicable to the facts, was an incorrect statement of the law relative to the instant case, was highly prejudicial, harmful and was confusing

and misleading to the jury. It is our opinion that the excerpt is a correct principle of law and was applicable to the evidence and the pleadings in the instant case. This special ground is not meritorious.

■ Special ground 5 assigns error in that it is alleged that the court erred in failing to charge the provisions of Code § 12-403, which section reads as follows: "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safekeeping and return of the automobile." As we have stated hereinabove, the court charged on the care required under the relationship of bailor and bailee. When we consider the charge as a whole, this assignment of error is not meritorious.

■ Special ground 6 assigns error because it is alleged that the court erred in giving the following excerpt in charge to the jury: "Now, if you find from the evidence that this defendant, in response to specific instructions from the plaintiff, disposed of his car in such manner as might occasion a loss, then the defendant could not be held liable, if you find that the loss was the result of such instructions and a compliance therewith on the part of the defendant." The pleadings and the evidence show that this excerpt was adjusted thereto. This special ground shows no reversible error.

■ Special ground 7 assigns error on the following excerpt from the charge of the court: "The court has permitted to go before you evidence as to the extent of loss. That necessarily is opinion evidence. The law makes this distinction between opinion evidence, sometimes referred to as expert testimony, and evidence directed to a substantive fact. The jury may not disregard the evidence of a witness directed to a substantive fact, unless that witness be impeached in some manner provided by law or disputed by some other evidence.

"The rule is that, upon the introduction of opinion evidence or expert testimony, the jury can believe opinion evidence or expert testimony in part or in whole or reject it in favor of other evidence. They can give it such weight as they think it ought to have. They can disregard it and substitute their own knowledge and experience. That is for the reason that what might

constitute the value of the loss of use or what the diminution in value might be is, of necessity, based upon the opinion of witnesses." The principle of law involved in this excerpt is correct and could not have resulted in harm to the plaintiff, under the evidence and the pleadings. This ground is not meritorious.

The evidence amply supported the verdict. The special grounds are not meritorious. The trial judge committed no reversible error in the charge or failure to charge.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*