37620. HODNETT *v.* HODNETT.

Decided May 18, 1959.

*J. Sidney Lanier,* for plaintiff in error.

*Claud F. Brackett, Jr., R. B. Pullen,* contra.

Carlisle, Judge. ■ It appeared from the plaintiff's own testimony that she and the defendant were formerly husband and wife; that the defendant had purchased the automobile in question in the name of a business firm of which he was a member, and that he had allowed the plaintiff the use of the automobile from the time it was purchased until some time after the parties were separated; that when the parties decided to

get a divorce, they went together to the office of an attorney who apparently represented the defendant in the divorce action and who represented the defendant in this case, and while there some discussion was had about the defendant buying the plaintiff an automobile as a part of the divorce settlement, and it seems that the defendant agreed to do this for the plaintiff but that this was never done. It further appears from the plaintiff's evidence that in the discussion which she had with the defendant and his attorney at that time, it was tacitly recognized that the automobile here in question was in fact the property of the business firm and not that of the plaintiff. In cross-examining the plaintiff, counsel for the defendant, over the objection of the plaintiff's attorney, was permitted to go into the matter of the agreement entered into between the plaintiff and the defendant on the occasion of the divorce, and the same subject matter was brought out by the attorney for the defendant in cross-examining the plaintiff's witnesses, and on direct examination of the defendant and of a witness for the defendant, all over the objection of counsel for the plaintiff, that such evidence had no bearing whatsoever on the issues of the case. The special ground of the motion recites that, "Movant objected to the evidence as soon as and at the time it was offered and then and there offered the court the following grounds of objections:" Then follows the statement by counsel for the plaintiff of his objection to the evidence after which the motion continues by reciting that the court stated, "I will reserve my decision on this until I see whether it's made material by the contract." Though it is not definitely so stated in the motion, a reasonable construction of the wording of the motion requires the conclusion that, at some time after the above transpired, counsel for the plaintiff again renewed his motion to rule out any evidence insofar as any agreement or divorce was involved, again stating the substance of his objection thereto, and the court again stated, "I will rule on that when and if he offers the contract in evidence. If he fails to introduce it, of course, I will rule it out." This ground then alleges that the evidence was prejudicial and hurtful, damaged the defendant, and that its inadmissibility was beyond doubt, "and although subsequently ruled out *out of the presence*

*of the jury,* the jury was not instructed by the court, either in the court's charge or elsewhere, not to consider said evidence." The majority of the court does not construe this recitation of fact as constituting assignment of error on the last quoted statement of the trial court, but rather as an assignment of error on the failure and refusal of the court to rule out the evidence objected to after conditionally admitting it. We think this ground shows a sufficient insistence by counsel for the plaintiff on his objection to the evidence to have required the court to rule thereon without counsel having done anything further to invoke the ruling of the court. The ground shows that the court again had the matter called to its attention and ruled the evidence out "out of the presence of the jury," and presumptively this was done before verdict, and at a time when the jury could have been recalled and instructed not to consider the evidence.

Whether or not this ground properly raised the question, it is sufficient to say here that the evidence objected to was not inadmissible for any reason urged. In the first place, the plaintiff had already in her own testimony brought out the matter of the divorce between the parties and had testified as to a discussion had between her and the defendant and his attorney relative to the defendant providing the plaintiff with another automobile, and even though the evidence complained of in this ground may have been inadmissible as being irrelevant, nevertheless, under the circumstances of this case when this evidence is considered in its context, it was admissible in explanation and in elucidation of testimony already introduced by the plaintiff herself. Evidence which may itself be irrelevant may nevertheless be so interwoven with relevant testimony as to require its admission in elucidation of the relevant testimony. *Alexander* v. *State,* 56 *Ga.* 478 (5); *Georgia R. & Bkg. Co.* v. *Lybrend,* 99 *Ga.* 421 (27 S. E. 794); *Evans* v. *State,* 185 *Ga.* 375, 376 (194 S. E. 873); *Holcomb* v. *State,* 5 *Ga. App.* 47 (7) (62 S. E. 647); *Foster* v. *State,* 72 *Ga. App.* 237, 239 (33 S. E. 2d 598). The evidence objected to in this ground comes within this well established rule of law. The special ground of the motion for a new trial does not show harmful error.

■ The plaintiff based her case solely on the contention that

the defendant gave the automobile in question to her. The defendant in his testimony denied this and introduced other evidence in support of this denial. The jury found in accordance with the defendant's evidence, and the evidence authorized the verdict.

*Judgment affirmed. Gardner, P. J., concurs. Townsend, J., concurs specially.*

TOWNSEND, Judge, concurring specially. Division 1 of the majority opinion deals with the admissibility of evidence contended by plaintiff in error to be inadmissible and prejudicial in accordance with her assignment of error contained in her first ground of the amended motion for new trial. It there appears that upon motion of her counsel to rule out the evidence complained of the trial judge reserved his decision on the objection and motion to rule out the evidence until he could see whether it was made material by the introduction of a certain contract referred to in the evidence which had not at that time been introduced. Later her counsel renewed his motion to rule out the evidence complained of, whereupon the trial court stated as follows: "I will rule on that when and if he offers the contract in evidence. If he fails to introduce it of course I will rule it out." It is contended that this ruling was harmful to the plaintiff because, although it constituted a ruling out of the evidence in accordance with the motion, it occurred in the absence of the jury which was not instructed by the court either in the charge or elsewhere not to consider the evidence.

Although the motion for new trial fails to recite whether or not the contract in question was introduced in evidence, it is not shown anywhere in the record and accordingly I presume it was not introduced. However, the conclusion of the movant that the ruling of the court amounted to a ruling out of the evidence is not supported by the facts recited elsewhere in this ground of the motion for new trial. The ruling of the court constitutes no more than a statement that at some future stage in the course of the trial he will rule on the motion, and that in the event the defendant fails to introduce the contract in question that ruling will be made in favor of the plaintiff's motion to rule out the evidence. This is a conditional ruling which re-

quires a renewed motion to the court at a later stage of the trial to require the court to make a final ruling on the objection, in the absence of which the objection will be deemed to have been waived. This ground of the motion for new trial recites that the evidence complained of was subsequently ruled out but the ruling was made outside the presence of the jury, and the jury was not instructed by the court either in the court's charge or elsewhere not to consider the evidence. I construe this statement in the amended motion for new trial to refer to the conditional ruling herein discussed and to consider it as having ruled out the evidence due to the subsequent failure of the defendant to introduce into evidence the contract in question. In any event, a ruling by the court outside the presence of the jury that the evidence was out did not have any effect for the reason that the jury would have no way of knowing about it, and such a ruling would have been subject to a proper assignment of error. However, no assignment of error is made on that ruling, if any such was made. The complaint is not to such a ruling, but to the judgments of the court overruling motions to rule it out. These judgments were conditional. *Atlanta & W. P. R. Co.* v. *Truitt,* 65 *Ga. App.* 320 (2) (16 S. E. 2d 273) ; *Milligan* v. *Milligan,* 209 *Ga.* 14 (1) (70 S. E. 2d 459). Accordingly, no issue is presented by this ground of the amended motion for new trial on the question of the admissibility of the evidence to which the objection was interposed.