47639. FORD MOTOR COMPANY v. HANLEY et al.

STOLZ, Judge. Appellant Ford Motor Company (Ford) cross appeals from certain rulings of the trial judge during the trial, referred to in *Hanley v. Ford Motor Co.,* 128 Ga. App. 307.

Enumerated errors 1 and 2 complain of the trial judge's failure to order the instant and immediate production of a statement taken from the young lady passenger in defendant Pritchett's automobile at the time of the accident and who was a witness in the case for defendant Pritchett.

A brief chronology will assist in reaching a full appreciation of the situation that confronts us. The accident in question occurred on February 6, 1970, as

a result of which, the witness, Miss Harris (now Mrs. Stewart) sustained multiple injuries, including burns on both hands. Written statements signed by the witness, were taken on March 31 and May 18, 1970. The March 31st statement contained the following: "Someone came to the hospital and took a signed statement from me the second week I was there. I had had several shots that day and under heavy sedatives and I know now I must have said things that I did not know were right. I know now that Danny [defendant Pritchett] was not at fault in any way." The plaintiff filed suit against Pritchett and Ford on November 16, 1970. Pritchett filed his cross claim against Ford on December 21, 1970. After the initial pleadings were filed, the parties undertook extensive pre-trial discovery. On September 27, 1971, the trial judge issued an order on "Motions of Defendant Ford Motor Company Relating to Discovery," the pertinent portions of which are as follows: "(1) The motion of the defendant Ford Motor Company, filed September 3, 1971, to compel plaintiff and defendant Pritchett, and the insurance companies providing defense for defendant Pritchett to produce and permit defendant Ford Motor Company to inspect and copy a statement of witness Brenda Gail Stewart, formerly Brenda Gail Harris, which statement was taken of said witness while she was in the hospital relatively soon after the occurrence sued upon, is hereby denied, counsel for plaintiff and counsel for defendant Pritchett, . . . [and counsel for the various insurance carriers herein involved], having all stated to the Court that *they had no such statement* in their possession, *nor had any knowledge of any such statement. . . .* If any party or counsel of record should obtain or learn of any such statement hereafter, they are directed to furnish copy to or notify, as the case may be, counsel for defendant Ford Motor Company as soon as practicable

thereafter." (Emphasis supplied.) The case came on for trial in late January, 1972. Defendant Pritchett's witness, Mrs. Stewart, formerly Miss Harris, while on cross examination by counsel for Ford, testified that she gave a *statement* as to what happened in this accident while in the hospital, prior to giving the statement dated March 31, 1970; that she did not get a copy of it; that she knew who took the *statement;* that James Brooks (co-counsel for plaintiff) was the person to whom she gave the statement; and that she didn't sign the *statement* because she couldn't sign it, but that they had people there with them. The plaintiff's co-counsel, Mr. Brooks, stated that the statement was not signed and that "this mainly was simply I was writing down the conversation, is what it amounts to."

Ford made a motion to compel the immediate production of the statement. The trial judge overruled the motion, holding that the statement constituted the "work product" of the attorney.

1. The leading cases on "work product" are Hickman v. Taylor, 329 U. S. 495 (67 SC 385, 91 LE 451) and *Atlantic C.L.R. Co. v. Daugherty,* 111 Ga. App. 144 (141 SE2d 112). In Hickman, the U. S. Supreme Court declined to require discovery of oral and written statements of witnesses whose identity was well known, private memoranda, and personal recollection of adverse counsel. In so doing, the court noted, "For present purposes, it suffices to note that the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client *in anticipation of litigation. . .* We do not mean to say that all written materials obtained or prepared by an adversary's counsel *with an eye toward litigation* are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case,

discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissibile in evidence or give clues as to the existence or location of relevant facts. *Or they might be useful for purposes of impeachment or corroboration.*" Pp. 508, 511. (Emphasis supplied.)

In *Daugherty,* this court, in a full bench opinion, pointed out the confusion that has arisen in the decisions of the state and federal courts due to the interchangeable use of the terms "privileged" or "work product," "good cause" and "necessity or justification," and discussed each fully. Obviously, the statement sought to be discovered here was not privileged, but what about "work product?" In *Daugherty,* on p. 154, this court, in discussing "work product," observed that the purpose of that doctrine is "to protect the *attorney's preparation for trial from discovery.*" The court went on, saying, "These statements in a manner of speaking and in the broadest sense may be in anticipation that some litigation may ensue or that it may become necessary to prepare for the defense of a suit, but they are not the 'work product' of the lawyer." Both Hickman and *Daugherty* point out that it is not necessary for a statement to be taken by an attorney for it to be "work product" and that *all statements taken by attorneys are not work product.*

It is our opinion that, under the decisions in Hickman and *Daugherty,* the statement was not part of the attorney's "work product" and was discoverable. However, even if this is not the correct view, the status of our present discovery statutes removes any possibility of doubt. Discovery may be had of "any matter, not privileged, which is relevant to the subject matter involved in the present action." Code Ann. § 81A-126 (b) (1) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510). Discovery may be obtained of documents "prepared in anticipation of litigation or for

trial" by a party's attorney upon a showing of a "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Code Ann. § 81A-126 (b) (3). Here, Ford's counsel had exhausted every possible procedure to obtain the discovery of the statement in question. The trial judge had been assured by all parties and their counsel that they were unaware of the existence of the statement and ordered all parties to produce it to Ford should they become aware of its existence or in possession of it. This was correct and proper. The subsequent failure of the trial judge to require its discovery when it became apparent during the course of the trial that the plaintiff's co-counsel, Brooks, had taken the statement and had failed to respond to the court's order, was error.

2. Enumeration of error 3 is meritorious. Code §§ 38-1708 and 38-1710 set forth the rules governing opinion evidence and expert witnesses. It has been long settled that the probative value of opinion evidence is for the jury. *Hays v. State,* 16 Ga. App. 20 (5) (84 SE 497). "The jury can believe opinion evidence or expert testimony in part or in whole or reject it in favor of other evidence. They can give it such weight as they think it ought to have. They can disregard it and substitute their own knowledge and experience." *Holmes v. Harden,* 96 Ga. App. 365, 371 (100 SE2d 101).

3. Enumeration of error 4 complains of a comment by the trial judge in a colloquy with counsel that "If a manufacturer puts out a car and it's got 120 miles per hour speed limit, I presume they would expect it to be driven 120 miles per hour, wouldn't they?" This does not amount to an opinion by the trial judge as to what has or has not been proved or an expression upon the merits of the case, as prohibited by Code § 81-1104 and cases to that effect. The trial judge did not abuse his

discretion in refusing to grant Ford's motion for a mistrial in the case.

4. Enumerations 5 and 6 pertain to the admissibility of plaintiff's exhibit 26, which is a page of advertising concerning the type or model of Ford car driven by defendant Pritchett at the time of the accident in this case. The advertisement sought to acquaint the buying public with the characteristics of this model car and point out that, with certain modification, it could be changed into a racing stock car. The admission of the exhibit was not error where coupled with the judge's instruction to the jury, limiting the admissibility to the question of "alleged improper design." Evidence itself irrelevant may nevertheless be so interwoven with relevant testimony as to require the submission in elucidation of the relevant. *Hodnett v. Hodnett,* 99 Ga. App. 565 (109 SE2d 285). "Evidence which is only indirectly relevant to the issues on trial, but which tends to somewhat illustrate it and to aid the jury in arriving at the truth of the matter should be admitted." *Williams v. Young,* 105 Ga. App. 391, 395 (124 SE2d 795).

5. Enumerations 7 and 9 are not meritorious. The trial judge correctly overruled Ford's motion for directed verdict and correctly submitted to the jury issues of Ford's negligence. The evidence presented issues of fact for resolution by the jury.

6. Enumeration of error 8 complains of the following portion of the judge's charge: "I charge you that collisions with or without the fault of the operator of a motor vehicle are clearly foreseeable by the manufacturer and are statistically inevitable," on the ground that there was no evidence to support it. The automobile in question was a 1970 Ford "Boss" Mustang. It was characterized by one attorney in his argument in this court as "a rocket." There was ample evidence before the jury to substantiate this

description. We cannot help but conclude that this automobile was manufactured and designed to be driven fast and that the manufacturer could foresee at least this eventuality and the reasonable likelihood of the consequences attendant thereto. Whether the manufacturer was negligent in designing this automobile and in other particulars, we do not say, but leave those questions of fact for resolution by the jury.

7. Enumeration 10 cites as error the trial judge's instructing the jury that, in the event they found Ford negligent,"they would be authorized and *should* find for the plaintiff," rather than "they would be authorized and *could* find for the plaintiff." (Emphasis supplied.) While we treat this as a "slip of the tongue," the objection is meritorious, as the word "should" tends to remove from the jury's consideration all other factors in the case. However, since the jury returned a verdict for Ford, no harm was done. At the next trial, we are confident that the "slip" will not reappear.

For the reason indicated in Divisions 1 and 2, hereinabove, the judgment appealed from must be reversed.

*Judgment reversed. Bell, C. J., concurs. Evans, J., concurs specially.*

ARGUED NOVEMBER 6, 1972 — DECIDED JANUARY 30, 1973 — REHEARING DENIED FEBRUARY 28, 1973 —

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright, E. Freeman Leverett,* for appellant.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Davis & Davidson, Jack S. Davidson, James L. Brooks,* for appellees.

EVANS, Judge, concurring specially in Case No. 47639. As to enumeration of error No. 4, I wish to specially concur. There, complaint is made because the trial judge,

in the presence of the jury, commented: "If a manufacturer puts out a car and its got 120 miles per hour speed limit, I presume they would expect it at some time to be driven 120 miles per hour, wouldn't they?"

This was not referable to any evidence that had been introduced, and was prejudicial to defendant. But the motion for mistrial placed the objection on the ground that: ". . . this constitutes a comment by the court on the evidence, as to what has been proved or its a statement with respect to the effect of certain evidence, and that this violates the statute . . ."

It was not contended that the statement was prejudicial, or that it was without evidence to support it. Thus, the objection fails to properly raise the ground upon which this enumeration of error could be sustained.