5154.   MARTIN *v.* GIBBONS.

1. Instructions to a jury, even if not in all respects correct, afford no cause for a new trial when they are manifestly harmless to the complaining party.
2. The court having fully charged the jury the law applicable to the issues involved, it was not error to fail to charge them more fully as to the burden of proof, in the absence of a timely written request to do so.
3. There was sufficient evidence to warrant the verdict, which has the approval of the trial judge, and there is nothing in the record to show that he abused his discretion in refusing a new trial.

DECIDED JANUARY 20, 1914.

Complaint; from city court of Floyd county—Judge Reece. August 11, 1913.

*J. J. Barge, Harris & Harris,* for plaintiff.
*Eubanks & Mebane,* for defendant.

ROAN, J. Martin brought suit against Gibbons, alleging an

indebtedness of $100, besides protest fees, on a certain check, and of $125, besides interest and attorney's fees, on a note of the same date, both signed by the defendant and made payable to the plaintiff. The defendant in his answer denied that he was indebted to the plaintiff on the check and the note, for the following reasons: that the said note and check were given for the purchase-money of one 7-passenger Ford automobile complete, except the wheels, body, and magneto; that the plaintiff represented to him that every part of the machine was being sold to him except the parts mentioned; that the machine was shipped to him to Rome, Ga., and that upon immediate examination of the same upon its arrival he found that various parts of the machine, other than those excepted, were missing, and that the representations of the plaintiff were false; that without the missing parts the machine was absolutely worthless to the defendant, and he immediately notified the plaintiff to this effect and tendered the machine back to him; that it was the false and fraudulent representations of the plaintiff that caused him to make the said purchase and to give the note and the check sued on; that the consideration for said note and check had totally failed. Upon these issues the jury tried the case and returned a verdict in favor of the defendant.

1. The plaintiff, in addition to the general grounds, set out in his motion for new trial certain excerpts from the charge of the court, which he alleges are erroneous and to which he excepts. The first portion of the charge to which he excepts is as follows: "I charge you that if the plaintiff offered to furnish certain material to the defendant, and failed to furnish all the material he agreed to furnish, that these different parts you have heard described in the testimony and pleadings, along with this pile of stuff, I don't know what it is, but if he failed to furnish the materials he agreed to furnish, the defendant in such a contingency would have the right to repudiate the contract upon returning the property already furnished, but if he elected to retain the property already furnished he would have to pay, under the law, what that property was reasonably worth." We can not see that this portion of the charge of the court was in any way injurious to the plaintiff's case, since neither the plaintiff nor the defendant had endeavored to treat the contract as severable, either in the pleadings or in the testimony. This charge, though not in all respects correct, under the evidence

is manifestly harmless to the plaintiff and affords no cause for a new trial. *Mayor &c. of Macon* v. *Melton,* 115 *Ga.* 153 (41 S. E. 499) ; *Arnbeiter* v. *State,* 115 *Ga.* 572 (41 S. E. 989, 58 L. R. A. 392).

The plaintiff excepts also to the following portion of the charge : "If he [the defendant] had an equal opportunity with the plaintiff of knowing what he was buying, why then it would be his duty to examine and see what he was buying. If he did not (and I leave that entirely with you under the testimony), if he did not have an equal opportunity with the plaintiff of knowing what he was buying, and did not get the things he said he was buying, then you would be authorized, other things being equal under the evidence, to find for the defendant." This portion of the charge, construed most strongly against the plaintiff, especially in view of the remainder of the charge which follows immediately thereafter, and which is as follows: "But if he knew what he was buying or had an equal opportunity to examine it and find out what he was buying and did not do so, then I charge you that you would be authorized, under the evidence, to find for the plaintiff," could in no way prejudice the plaintiff's cause, and therefore affords no cause for a new trial.

2.   The plaintiff in error further contends that the court should have charged the jury on the law relative to the burden of proof, though he admits that no request to do so was made. The charge of the court covered generally the issues in the case, and there was no error in failing to charge the jury more explicitly on the subject of the burden of proof, in the absence of a request to do so. See *Brooks* v. *Griffin,* 10 *Ga. App.* 498 (73 S. E. 752) ; *Whittle* v. *Central of Ga. Ry. Co.,* 11 *Ga. App.* 257 (74 S. E. 1100) ; *Johnson* v. *Reeves,* 133 *Ga.* 822 (66 S. E. 1081).

3.   There was sufficient evidence to warrant the verdict, which has the approval of the trial judge, and there is nothing in the record to show that he abused his discretion in refusing a new trial.

                                                    *Judgment affirmed.*