### 16712. JACKSON v. THE STATE.

Before an alleged affidavit can become the basis of a legal proceeding it must appear that an oath was actually administered to the affiant, or that something was done by the affiant signifying that he consciously took upon himself the obligation of an oath.

DECIDED NOVEMBER 11, 1925.

Bastardy; from city court of Thomasville—Judge MacIntyre. June 11, 1925.

*Titus & Dekle,* for plaintiff in error.

*J. Baird Edwards, solicitor,* contra.

BLOODWORTH, J. Before an alleged affidavit can become the basis of a legal proceeding it must appear that an oath was actually administered to the affiant or that something was done by the

affiant "signifying that he consciously takes upon himself the obligation of an oath." *Britt* v. *Davis,* 130 *Ga.* 77 (60 S. E. 180). The affiant swore: "I was not sworn by the justice of the peace, and I did not swear to the affidavit in the warrant which you hand me, against Joe Jackson. The paper was written by the justice of the peace, and he handed it to me and I signed it. I did not swear that the defendant committed the act on the 25th day of January, 1925. I was not asked to hold up my hand, and I did not make any affidavit, and I was not sworn. I did not sign any paper or affidavit except the affidavit for the warrant which you hand me. I did not make any other paper or swear to any other affidavit charging that Joe Jackson was the father of my baby. The warrant is the only paper that I have signed. I did not read the affidavit for the warrant. It was just written out by the justice of the peace and handed to me, and I signed it, and this is all that was done. Mrs. Wilson did most of the talking. The justice of the peace did not put me under oath and ask me who was the father of my child. I was not put under oath at all." The justice of the peace testified: "I wrote the affidavit and she signed it for the warrant. That is the only affidavit she made. I did not put her under oath and ask her who the father of the child was. My usual custom is, when I issue a warrant, that if I think the person understands the warrant I don't swear them to it; just have them sign it. At other times I make them hold up the hand and ask them if they swear to the contents of the affidavit. I can not say what was done in this particular case. Maggie Smith never made any affidavit before me under oath or any statement under oath upon which this warrant issued, other than the affidavit for the warrant, which was done under circumstances as already stated by me. I did not send for her. She came into my office with the persons named. The warrant for Joe Jackson is the only paper I ever issued against him at her instance on my own motion. I usually swear people to affidavits for warrants, but don't always do it. It depends upon who they are and whether or not I think they understand the matter. I did not have her hold up her hand and administer any oath to her. I asked her if she was swearing to the contents of that affidavit. She said, 'Yes.' If I did anything about it I asked her if the contents of that paper were true. That is my usual way of

doing, but I don't know whether I did in this case." It is true that the justice of the peace swore that he asked her "if she was swearing to the contents of that affidavit," and she said, "Yes," but this was but a conclusion of affiant. Moreover, it does not appear when the justice of the peace signed the jurat to the affidavit. So far as the record shows, "the officer did no present and concurring act with the affiant which showed that both understood an oath was being administered." *McCain* v. *Bonner,* 122 *Ga.* 847 (51 S. E. 38).

Under the evidence we are constrained to hold that the alleged affidavit, the basis of this prosecution, was never sworn to and is void. Such an affidavit can not be made the basis of a criminal prosecution. *Scroggins* v. *State,* 55 *Ga.* 380 (1), 382 (1); *Britt* v. *Davis,* supra; *Bertha Mineral Co.* v. *Buie,* 27 *Ga. App.* 660 (1) (109 S. E. 539). As this affidavit was void, the entire proceedings were nugatory.

*Judgment reversed. Broyles, C. J., dissents. Luke, J., concurs.*