### 35091. ATLANTIC COAST LINE RAILROAD COMPANY *et al. v.* WEGNER.

DECIDED JUNE 22, 1954.

*Bouhan, Lawrence, Williams & Levy,* for plaintiffs in error.
*Sullivan & Maner,* contra.

QUILLIAN, J. 1. In their brief before this court counsel for the plaintiffs in error expressly abandon all grounds of general and special demurrer except the demurrers to the allegations of the petition respecting the bankruptcy of the plaintiff. These allegations were demurred to in the following language (as to count 1): "Defendants demur to and move to strike all damages and expenses set forth in paragraphs 19 [as amended] on the grounds that said expenses and damages are remote and speculative and are not shown to have been the proximate result of the alleged tort", and (as to count 2): "Defendants demur to and move to strike all damages and expenses set forth in paragraphs 19, 20, 21, and 22 of count two, on the ground that said expenses and damages are remote and speculative and are not shown to have been the proximate result of the alleged tort." These grounds of demurrer were without merit and were properly overruled. While the allegations of the amended petition set forth in some detail the matter respecting the plaintiff's bankruptcy and the expenses consequent upon it and tended to connect such damages with the alleged false imprisonment and malicious prosecution, it is quite apparent that the plaintiff did not sue for such damages at all. The original petition alleged that he lost four days time from his work, which time he valued at $25 per day; that he expended $250 as attorney's fees for defending the arrest and prosecution, and $15 as bondsman's fee; and immediately following the paragraphs setting up these actual

damages, the petition alleged that, "As a further result of defendants' torts and of the aforesaid resulting cash losses to the plaintiff, the plaintiff was forced on July 1, 1952, into bankruptcy, causing further mortification, embarrassment, and financial loss to the plaintiff"; and then in the final paragraph of the original petition, the plaintiff sets up that he "sues for his actual cash loss in the amount of two hundred sixty-five ($265.00) dollars, for his actual loss of wages in the amount of one hundred ($100.00) dollars, and for general damages." Then the prayer for damages in the amount of $10,000 follows. The amendment, while setting up the loss resulting from the bankruptcy in some-somewhat more detail, did not change the specification of actual damages set forth in the original petition, nor the prayer thereof. For these reasons it was not apparent that the plaintiff sought actual damages on account of the alleged bankruptcy, and consequently the demurrer to the allegations respecting the bankruptcy, on the ground that such damages were remote and speculative, was without merit and the trial court did not err in overruling that ground of demurrer.

2. In the second special ground of the motion for a new trial, the defendant contends that the court erred in refusing to give the following requested instruction to the jury: "I charge you that under the law of Georgia, the Governor may appoint special officers of a railway company for the protection of the property and interest of the company and with powers to make arrests. Under the law of this State special officers so appointed are vested with all the powers, duties and responsibilities of sheriffs or other law enforcement officers of the State while engaged in the performance of their duties as railroad officers. Ga. Laws 1935, p. 465." This contention is not meritorious. This instruction did not relate to any issue raised by the pleadings or the evidence. While the defendant pleaded that Redish was a special officer commissioned by the Governor and empowered to investigate crimes and make arrests in connection with the defendant railroad's business, this was not disputed by the plaintiff anywhere in the trial of the case. Redish himself testified that he was commissioned as a special officer, exhibited his commission or warrant, and, so far as his testimony on cross-examination reveals, was not questioned by the plaintiff as to this point

at all. In view of this state of the evidence, it is difficult for us to see how the giving of this charge would have materially aided the jury in their investigation of the issues made, or how the failure to instruct the jury in accordance with this request was harmful to the defendant so as to require a new trial. See *Metropolitan R. Co.* v. *Johnson,* 90 *Ga.* 500 (5) (16 S. E. 49); *Atlantic Coast Line R. Co.* v. *Anderson,* 75 *Ga. App.* 829, 831 (2) (44 S. E. 2d 576).

3. The defendants' counsel requested the court to instruct the jury as to the meaning of *probable cause* in actions such as this, in the following language: "I charge you that probable cause may consist of reasonable grounds of suspicion supported by circumstances sufficiently strong in themselves to warrant a reasonable man in the belief that the person arrested is guilty of the crime for which he is arrested." The trial court refused to so instruct the jury, and the defendant, in special ground 3 of the motion, complains of such refusal.

The court in its general charge instructed the jury: "I wish to charge you that, in making out a case, the burden will be upon the plaintiff to prove malice and [the want of] probable cause; . . . malice consists of personal spite or any general disregard of the right consideration of mankind directed by chance against the individual injured. In an action to recover damages for malicious prosecution . . . it must appear that the defendants prosecuted the plaintiff maliciously and without probable cause. A right of action for a malicious prosecution exists only when the prosecution is the result of a desire to injure the accused; and in such an action malice against the accused may be inferred from lack of probable cause, but the want of probable cause will not be inferred even though malice is shown to have existed. I charge you that, under the law of this State, relating to actions for malicious prosecution, it is not necessary for the prosecutor to be fully satisfied of the truth of the charge, nor is it required of him to guarantee a conviction upon the charge made if he has probable cause for the arrest and prosecution. Want of probable cause shall be a question for the jury and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." All of the foregoing quoted

charge related to the first count of the petition, which sued for malicious prosecution.

As to the second count, for false imprisonment, the court also charged the jury that "an arrest may be legal, even though no crime was actually committed, if there were reasonable grounds on the part of such arresting officer for believing that the law was being violated and where the circumstances were sufficient to give the officer of the company making the arrest probable cause for believing the crime was being committed." Under the circumstances and in view of the quoted charges, the jury could not well have misunderstood the meaning of the term "probable cause," and the trial court did not commit reversible error in refusing to instruct the jury as complained of in the third special ground of the motion.

4. The fourth special ground complains of this instruction: "An arresting officer may arrest any person charged with crime upon a warrant issued by a judicial officer; now, if you do not think Mr. Redish was acting as an officer at that time, but as a private citizen, I charge you this: a private person may arrest an offender if the offense is committed in his presence or within his immediate knowledge, or if the offense is a felony and the offender is escaping—well, this was not a felony—a private person may arrest an offender if the offense is committed in his presence or within his immediate knowledge."

It is contended that this portion of the charge was error because it injected into the case an issue not made by the pleadings or the evidence, namely whether or not Redish acted as an officer or as a private individual in arresting the plaintiff. This ground of the motion is without merit, for the reason that it does not show how or wherein the defendant was harmed by this portion of the charge. A charge must be not only erroneous but harmful before a new trial will be granted because of it. *Harrison* v. *Hester*, 160 *Ga.* 865 (3) (129 S. E. 528). It is not disputed that the arrest in this case was made without a warrant, and under the evidence the only basis for the arrest without a warrant was that the crime was being committed in the presence of the person making the arrest. There was no intimation or suggestion that the plaintiff was endeavoring to escape or that there was likely to be a failure of justice for want of an officer to

issue a warrant. Whether the defendant Redish acted as an officer or as a private citizen was immaterial, since his authority as either was the same, so far as the circumstances disclosed by the evidence were concerned. Code §§ 27-207, 27-211. The charge injecting this issue in the case could not, then, have been confusing to the jury or harmful to the defendant, and for these reasons special ground 4 of the motion does not show error. See *Martin v. Gibbons*, 14 *Ga. App.* 136 (1) (80 S. E. 522).

5. Error is assigned in special ground 5 of the motion on the following charge: "In every case of an arrest without a warrant, the person arrested shall without delay be conveyed before the most convenient officer authorized to receive an affidavit and issue a warrant; no such imprisonment shall be legal beyond a reasonable time; if he is arrested without a warrant he must be taken before some officer who can give him a hearing and commit him to bail, and, if that was not done, why, then the company would be liable; if it was done Mr. Redish and the company would not be liable, provided the offense was being committed or was in the act of consummation, and this was in the presence or the immediate knowledge of Redish."

This instruction was not erroneous on the ground, as contended by the plaintiff in error, that it injected an issue not made by the pleadings or the evidence, namely, whether the plaintiff was promptly taken before a judicial officer and a warrant procured and the plaintiff committed to bail. The plaintiff's evidence showed that the defendant Redish did in fact arrest him at the spot where the alleged theft of the defendant railroad's property had taken place, which spot was some distance out from the center of Savannah, that the plaintiff was then taken by Redish to the defendant railroad's offices in downtown Savannah and interrogated for an hour or two before he was taken to the police station, booked, and a warrant issued. While no express issue was made as to the length of time between the arrest and the time when the warrant was sworn out, the jury were authorized to infer from such evidence that there was an unreasonable delay and to award damages in the plaintiff's behalf based to some extent, at least, on that account. In no view of the case could the injection of this issue have been prejudicial or harmful to the defendants, because, in the first place, the charge was really

more favorable to the defendants than they were entitled to, inasmuch as they were not relieved of liability on the false-imprisonment count merely by showing that Redish had promptly taken the plaintiff before a magistrate and procured a warrant, though the charge complained of so instructed the jury. If the arrest and imprisonment were illegal in their inception, no amount of promptness on Redish's part in taking the plaintiff before a magistrate and procuring a warrant could legalize them.

6. The sixth special ground assigns error on a portion of the charge, on the ground that it instructed the jury that the rules given in charge relating to the power of the defendant Redish to arrest the plaintiff without a warrant would not be applicable unless the plaintiff had actually committed a crime, whereas the true rule is that such rules were applicable so long as Redish had reasonable grounds for believing that the law had been or was being violated by the plaintiff or that the circumstances were sufficient to warrant a reasonable man in believing that the person arrested was guilty of the crime for which he was arrested.

This portion of the charge was as follows: "Now, gentlemen, that all presupposes that the defendant had committed the crime of taking these goods, that he had taken the goods illegally from the shipyard with intent to steal, that is, not the defendant [plaintiff?] but his associate had, and he had come into the picture later by bringing his truck, knowing or having reasonable cause to know that they were stolen, and he was assisting in the transportation to complete the larceny." Immediately following that portion, the court instructed the jury: "I charge you that, where a committal court binds over the defendant for trial on the crime charged, such fact constitutes prima facie, but not conclusive evidence that probable cause for the prosecution exists. I charge you that an arrest for a crime may be made by an officer without a warrant if an offense is made in his presence, or if for other cause there is likely to be a failure of justice for the want of an officer to issue a warrant; and I charge you further that an arrest may likewise be made when the crime is committed within the immediate knowledge, though not in the actual presence, of the officer making the arrest. I charge you that an arrest may be legal, even though no crime was actually committed, if there were reasonable grounds on the part of such

arresting officer for believing that the law was being violated and where the circumstances were sufficient to give the officer of the company making the arrest probable cause for believing the crime was being committed." Thereafter, the court again instructed the jury that "An arrest may be legal even though no crime was actually committed if there was reasonable ground on the part of such arresting officer for believing that the law was being violated and where the circumstances were sufficient to give the officer of the company making the arrest probable cause for believing the crime was being committed." When read in its context, this charge was not erroneous for any of the reasons assigned. The jury could not have misunderstood the law that an arrest is not necessarily rendered illegal merely because no crime has been committed.

7. The 7th special ground complains and contends that the verdict included special damages which were not recoverable in an action for false imprisonment. The verdict was in the following language: "We, the jury, find for plaintiff on the second count and find damages as follows: . . . On the first count none, and on the second count, $5,690. This Oct. 5, 1953." This verdict was merely a general one, and it is not apparent what proportion of it was special and what proportion of it was general. This ground of the motion does not show whether or to what extent the verdict included special damages or what special damages were found. This ground of the motion is without merit, and the trial court did not err in overruling it.

8. The plaintiff alleged in his original petition three items of special damages for which he sued. These items are enumerated in the first division of this opinion and will not be repeated here. The plaintiff himself testified to his loss of $25 per day for four days in earnings from his business, and also to his expenditure of $15 for bondsman's fee, and his attorney testified to his charge of the plaintiff of $250 as counsel fees in defending the plaintiff as defendant in the criminal case, and also as to the reasonableness of such charge. This evidence was not disputed by the defendant in any particular, and consequently, if a verdict for the plaintiff was authorized on other issues in the case, a verdict for him in those amounts as special damages was demanded. It follows that the portion of the charge respecting those items of

special damages, complained of in special ground 8 of the motion, to the effect that "there has been evidence to sustain them here," was not erroneous as amounting to an expression of opinion on the part of the court as to what had been proved by the plaintiff. This instruction amounted to no more than the direction of the verdict in favor of the plaintiff as to those items of damages; and where it was properly qualified by the proviso that the jury should otherwise find that the plaintiff was entitled to recover, and where the evidence as to those items was not disputed, the court did not err in instructing the jury that such items were proved and should be awarded to the plaintiff if they found them to be reasonable.

9. Complaint is made, in the final special ground of the motion for new trial, because the court, at the conclusion of its charge and after a colloquy between counsel for the parties and the court, instructed the jury that "it is not necessary for the plaintiff to prove that there was no probable cause for his arrest if he was arrested illegally; the burden is not on him to prove the want of probable cause, but that can be considered in defense of the action and in mitigation of damages." This instruction stated an accurate and correct principle of law which was pertinent and applicable to the issues made by the pleadings and the evidence. *Westberry* v. *Clanton,* 136 *Ga.* 795 (4) (72 S. E. 238); *Duckett & Co.* v. *Ozmer,* 48 *Ga. App.* 41 (172 S. E. 118); *Conoly* v. *Imperial Tobacco Co.,* 63 *Ga. App.* 880, 888 (2) (12 S. E. 2d 398). This instruction was not, then, misleading and confusing to the jury or harmful to the defendant, nor did it have the effect of removing from the jury's consideration the previous charge as to whether the arresting officer had reasonable grounds for believing that the law was being violated, and that the circumstances were sufficient to give him probable cause for believing that a crime was being committed by the plaintiff. The trial court did not err in overruling this ground of the motion.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*