36804.   CONE *v.* SING MOTOR IMPLEMENT, INC.

DECIDED SEPTEMBER 19, 1957.

390.

*Merlin H. Holland,* for plaintiff in error.
*Marcus B. Calhoun, Forester & Calhoun,* contra.

GARDNER, P. J. 1. The defendant (plaintiff in error here) assigns error on the refusal of the trial court to sustain the demurrer to the verification of the account attached to the original petition. Code § 81-401 regarding verification of petitions reads: "In all cases where the plaintiff shall file a petition with an affidavit attached that the facts stated in the petition are true to

the best of his knowledge and belief, the defendant shall in like manner verify any plea or answer. If the defendant is a corporation, such affidavit may be made by the president, vice-president, superintendent, or any officer or agent who knows, or whose official duty is to know, about the matters set out in the answer." Code § 81-109 reads: "No petition need be verified unless it seeks extraordinary equitable relief or remedy." Omission to verify is amendable. See *Popwell* v. *Taylor,* 33 *Ga. App.* 429 (126 S. E. 857) and *Simmons* v. *J. A. Jones Construction Co.,* 72 *Ga. App.* 517 (34 S. E. 2d 300). *Redwine Bros.* v. *Jarrell,* 14 *Ga. App.* 294 (2) (80 S. E. 728) states: "When it appears that no oath was in fact administered to one whose name is subscribed to a paper which purports to be his affidavit, or that he signed it without consciously assuming the obligation of an oath, the paper can not be regarded as an affidavit." Such is not the basis of the case at bar. In *Jackson* v. *State,* 34 *Ga. App.* 519 (130 S. E. 360), cited by counsel for the defendant, it appears that no oath was actually administered to the affiant. Such is not true in the instant case. The facts in the following cases differ from the facts in the instant case and are not cause for reversal: *Bennett* v. *Simmons,* 30 *Ga. App.* 529, 531 (118 S. E. 493), *Niemeyer* v. *Dougan,* 31 *Ga. App.* 99 (1) (119 S. E. 544), *Story* v. *First Nat. Bank of Thomson,* 34 *Ga. App.* 27 (128 S. E. 12), and *Brothers & Sisters of Charity* v. *Renfroe,* 57 *Ga. App.* 646 (1) (196 S. E. 135). The record in the instant case shows that the demurrers were renewed. This assignment of error is not meritorious.

2. Counsel for the defendant contends that counsel did not have sufficient time in which to prepare his case for trial after the amendments of the plaintiff were filed. The trial court allowed the defendant eleven additional days in which to prepare the case and get ready for trial. Moreover, it appears that the amendments were only an amplification of the original petition. This court stated in *A. C. L. R. Co.* v. *Tifton Produce Co.,* 56 *Ga. App.* 776 (2) (194 S. E. 72): "Where an amendment was but a specification and amplification of the original contention as set out in the original pleading, there was no abuse of the discretion of the judge in overruling the motion to continue because of surprise." The court did not abuse its discretion in this respect and this assignment of error is not meritorious.

3. It is contended that the court erred in refusing to allow a duly verified amendment to the defendant's answer. It appears that the amendment set out a counter-claim and cross-action. The court's ruling was erroneous in this respect. See *Simon* v. *Myers & Marcus*, 68 *Ga.* 74; *Wynn* v. *Wynn*, 109 *Ga.* 255 (34 S. E. 341); *Bland* v. *Swainsboro Fertilizer Co.*, 20 *Ga. App.* 154 (1) (92 S. E. 760); and *Rozear* v. *J. G. McKenzie Lumber Co.*, 60 *Ga. App.* 662, 663 (4 S. E. 2d 718). The court's ruling was in conflict with the provisions of Code § 81-1301. This special ground shows reversible error.

4. The remaining objection is to the verdict and final judgment generally. No motion for new trial was made, and no brief of evidence is shown in the record. This objection is not tenable and is not meritorious.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*