40064. J. C. PENNEY COMPANY v. GREEN et al.

DECIDED JULY 3, 1963.

*Greene, Neely, Buckley & DeRieux, Harry L. Greene, Homer Houchins,* for plaintiff in error.

*Gerstein & Carter, Joe W. Gerstein, Edward E. Carter, Ben Oglesby, Neeson & Harrington,* contra.

FRANKUM, Judge. Bobby J. Green sued J. C. Penney Company, Fred Wright, Ben Oglesby, H. A. Koehler, and North Atlanta Merchants Association, Inc. for damages. J. C. Penney Company filed general and special demurrers to the petition which were overruled by the trial court, and the assignment of error here is to that judgment. The sole question presented by this assignment of error is whether the petition was sufficient to state a cause of action against J. C. Penney Company. Insofar as material to a consideration of this question, the petition alleged that the defendant Oglesby was a constable of a militia district in Fulton County and was also an officer, director and stockholder of North Atlanta Merchants Association, Inc., whose

principal business was that of a collection agency; that the defendant Koehler was ex-officio justice of the peace of a militia district in DeKalb County and was also a director and stockholder of North Atlanta Merchants Association, Inc.; that while Oglesby was not a constable of DeKalb County, he from time to time served warrants for Koehler; that the defendant Wright was also a constable of a militia district in Fulton County, but he was not an authorized constable in DeKalb County; that defendant Oglesby was contacted by a store manager of the defendant J. C. Penney Company "concerning the collection of bad debts evidenced by dishonored checks" which had been received by the defendant company at one of its stores located in DeKalb County; that defendant Oglesby explained to the manager of the defendant company the method employed by North Atlanta Merchants Association, Inc. in collecting a bad check, which method included the swearing out of a criminal warrant for the party whose name appeared on the check, the arrest of the party, and allowing him to settle the charge upon the payment of the costs and the amount of the check; that upon being so informed the manager turned over to the defendant Oglesby certain checks, including one dated August 17, 1961, and signed "Bobby J. Green," and directed that they be collected in the manner described; that thereafter Oglesby took out a warrant before the defendant Koehler charging the plaintiff with cheating and swindling; that the defendants Oglesby and Wright, armed with pistols, proceeded to the home of the plaintiff where they arrested and detained the plaintiff and restrained him of his liberty against his will, and that when the charges against the plaintiff were tried in the Recorder's Court of DeKalb County, to which court the case was transferred by the defendant Koehler, the judge of said court, after hearing evidence, dismissed the charge against the plaintiff. The petition further alleged that the defendant Oglesby "acting for and on behalf of defendant J. C. Penney Company" caused the warrant for the plaintiff to be issued without making any effort to ascertain whether the plaintiff was the party who had presented the check, and made no effort to determine if there was any evidence connecting the plaintiff with the check in question; that as a matter of fact the

plaintiff had never signed the check in question nor had anyone, acting on his behalf, made, issued, or presented the check to the defendant J. C. Penney Company or to anyone else, and that by reason of the conduct of the defendants plaintiff had been greatly injured and damaged in his reputation and brought into public disgrace causing him mortification and mental anguish.

1. While some of the allegations of the petition are appropriate to an action for malicious prosecution, properly construed the action is one for false arrest. This is true because the petition clearly alleges in paragraph 8 that the defendant Koehler, acting as justice of the peace, issued the warrant at the request of defendant Oglesby without first having Oglesby swear to the truthfulness of the allegations in the affidavit. No judge is authorized to issue a warrant for the arrest of any offender against the penal laws of this State unless it be issued on his own knowledge or on the information of others given to him under oath. *Code* § 27-102. No contention is made that the warrant was issued on the personal knowledge of the officer issuing it. "Before an alleged affidavit can become the basis of a legal proceeding it must appear that an oath was actually administered to the affiant or that something was done by the affiant 'signifying that he consciously took upon himself the obligation of an oath'." *Jackson v. State,* 34 Ga. App. 519 (130 SE 360). And a warrant issued upon a purported affidavit is void when the officer who issued the warrant did no act concurred in by the affiant showing that both understood that an oath was being administered. See *Bertha Mineral Co. v. Buie,* 27 Ga. App. 660 (109 SE 539); *Scroggins v. State,* 55 Ga. 380 (1); *McCain v. Bonner,* 122 Ga. 842 (51 SE 36); *Britt v. Davis,* 130 Ga. 74 (60 SE 180). An arrest based upon a warrant which is void furnishes no basis for action for malicious prosecution. *Alexander v. West,* 6 Ga. App. 72 (64 SE 288); *Godfrey v. Home Stores, Inc.,* 101 Ga. App. 269, 274 (114 SE2d 202); *Smith v. Embry,* 103 Ga. App. 375 (2) (119 SE2d 45); *Satilla Mfg. Co. v. Cason,* 98 Ga. 14 (25 SE 909, 58 ASR 287); *Collum v. Turner,* 102 Ga. 534 (27 SE 680). The petition in this case shows that the purported warrant on which the plaintiff was arrested was void, and therefore the petition does not set forth a cause of action for malicious prosecution.

158

2. It is fundamental, and requires no citation of authority, that on general demurrer the plaintiff's petition must be construed most strongly against him and in the light, not only of what it does allege, but of what it does not allege. With respect to the relationship between defendant Oglesby and defendant J. C. Penney Company, the petition alleges that Oglesby was contacted by the manager of one of Penney's stores concerning the collection of bad debts evidenced by dishonored checks; that Oglesby explained to the manager the methods employed by North Atlanta Merchants Association, Inc. in collecting such bad checks, and that the manager turned over certain checks to him and authorized and directed that they be collected by the means described, and that the defendant Oglesby, after taking out the warrant, arrested and detained the plaintiff while acting on behalf of the defendant Penney Company, and that his acts were within the scope of his employment by the defendant Penney Company. It may be conceded for the purposes of this decision that these allegations sufficiently allege the authority of the manager to contract on behalf of J. C. Penney Company with Oglesby for the collection of the check signed by Bobby J. Green. The authority given to the agent by the principal must be given a reasonable interpretation, and an agent's authority must not be construed as authorizing him to use anything other than legal means to effectuate the purposes of his agency. *Fire Assn. of Philadelphia v. Fleming,* 78 Ga. 733, 738 (7) (3 SE 420). Construed most strongly against the plaintiff the allegations as to Oglesby's authority show that Penney's manager authorized him to take out only a valid warrant and to proceed only against the person who signed the check as maker. It is essential in order to charge one who did not actually make the arrest with responsibility for the act of the arresting party that it be alleged and shown that the party making the arrest was acting under the express authority of the one sought to be charged, *Sharpe v. Frost,* 94 Ga. App. 444, 449 (9) (95 SE2d 309), or that a subsequent ratification of his acts be alleged. *Fire Assn. of Philadelphia v. Fleming,* supra, p. 736 (1). Under the allegations of the petition the defendant J. C. Penney Company was not chargeable with foreseeing that Oglesby would proceed in an illegal

manner in procuring the warrant and in making an arrest thereunder, or that he would attempt to arrest any person other than the one who issued the check. *Walker v. Whittle*, 83 Ga. App. 445, 452 (2) (64 SE2d 87). The allegations of the petition in this case were clearly insufficient to charge the defendant J. C. Penney Company with any illegal acts of Oglesby. The petition did not allege that the defendant J. C. Penney Company expressly directed Oglesby to proceed in the manner in which he did or that it ratified those acts afterwards. See *Hammond v. D. C. Black, Inc.*, 53 Ga. App. 609 (186 SE 775); cf. *Blocker v. Clark*, 126 Ga. 484 (54 SE 1022, 7 LRA (NS) 268, 8 AC 31).

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*