## 42210. PRICE v. MANLEY.

ARGUED SEPTEMBER 8, 1966—DECIDED SEPTEMBER 29, 1966.

*Wallace, Wallace & Driebe, Howard P. Wallace, Charles J. Driebe,* for appellant.
*S. T. Ellis, Christopher & Futral, Claude Christopher,* for appellee.

FELTON, Chief Judge. 1. In this dispossessory warrant proceeding it was not error for the court to refuse to grant a continuance because the plaintiff's affidavit was amended since a copy of the proposed amendment was served on the defendant eleven days prior to the trial and no reason was urged why the defendant did not have ample time to prepare his defense. *Cone v. Sing Motor Implement, Inc.,* 96 Ga. App. 389 (100 SE2d 154).

2. Mr. Tom Collins deeded the subject property to the plaintiff and plaintiff leased it to Collins with an option to repurchase for $7,500. Plaintiff was desirous of retaining the property to such an extent that she agreed not only to repay Collins the purchase price at once but to pay $2,500 in addition which she paid later as per agreement with Collins. Plaintiff testified that she had an agreement with Collins that he and the defendant would give her a quitclaim deed to the property to get rid of the option agreement, which deed was given for a stated consideration of $1.00. There was no evidence to show why it was necessary for the defendant to sign the quitclaim deed unless by inference

it was to divest the defendant of whatever interest he had as a tenant, inasmuch as the defendant was in possession of the land and plaintiff was on notice of whatever interest he had.

The second enumeration of error is that the court erred in not allowing appellant to question appellee concerning her knowledge of appellant's manner and method of borrowing money on the property by the execution of a warranty deed simultaneously with the execution of a lease option agreement, the purpose of the desired question being to show the lack of tenancy. There was no evidence whatever that the defendant ever had title to the land or any interest which would serve as security, neither did defendant state to the court the facts which proposed to sustain his position, nor did he explain to the court how such a transaction could result in demonstrating that the defendant had such an interest as would entitle him to possession of the land without an obligation to pay rent. The defendant testified that he was a tenant of Tom Collins. This enumeration shows no error.

3. The third enumeration of error is that the court erred in not allowing appellant to question appellee concerning her knowledge of transactions between appellant and Tom Collins because he was prevented from showing that he was the owner of the property and had habitually mortgaged the property in the manner shown in the preceding division. No title was shown in the defendant and no foundation was laid for the testimony sought to be solicited, such as what facts would be proved to show how defendant could mortgage property he did not own and the title to which was in Tom Collins.

4. The fourth enumeration shows no error. It is that the court erred in sustaining appellee's objection to the following question: "If this quitclaim deed eliminated all of Mr. Collins' and Mr. Price's interest in the land, didn't it also do away with their leasehold interest and allow you to go into immediate possession?" The ground of objection was that the question called for a conclusion of law. The court did not err in disallowing the question for a number of reasons, including the one in the objection.

5. The points in enumerations of error 5 and 6 are answered in Divisions 2 and 3, hereinabove.

6. Enumeration of error 7 shows no error. It was not error not to admit evidence that the defendant received no consideration for signing the quitclaim deed when the deed recited a consideration of $1.00. *Morris v. Johnson*, 219 Ga. 81 (132 SE2d 45).

7. Enumeration of error 8 shows no error. It is contended by appellant that the court erred in directing a verdict for the plaintiff because the evidence showed that the defendant had been the owner of the land in constant possession since 1926 and that the evidence of possession alone made a question for the jury as to defendant's tenancy or no tenancy. Possession alone is not evidence of title. The defendant testified that he was a tenant of Tom Collins as to the subject property.

The court did not err in directing a verdict for the plaintiff for any reason enumerated as error.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*