## 45408. EDWARDS et al. v. JOHNSON.

BELL, Chief Judge. 1. The appellants' brief as to two of the four enumerated errors contains nothing more than their contentions which are unsupported by citation of authority or argument. Under Rule 17 (c) (2) of this court these enumerations must be treated as abandoned. *Edge v. State,* 117 Ga. App. 628 (161 SE2d 420); *Dunaway v. Empire Mtg. &c. Co.,* 118 Ga. App. 224 (163 SE2d 237).

2. In this trover case, the defendant Edwards was impleaded without objection as a third-party defendant in his capacity as temporary administrator of the estate of his deceased wife. Edwards testified that some of the items of personalty in issue were gifts from plaintiff to his deceased wife. When asked if he had personal knowledge of the transactions he answered that his wife told him that the property was given to her. Objection was then made on the ground of hearsay which was sustained. Appellants on appeal argue that the provisions of *Code* § 38-1603 (1) and the Supreme Court's decision in *Lane v. Howard,* 201 Ga. 616 (2) (40 SE2d 537) apply and render the testimony admissible. *Code* § 38-1603 (1) concerns the competency of a witness to testify and provides in pertinent part that where a suit is instituted or defended by the personal representative of a deceased person, the opposite party is incompetent to testify as to the transactions or communications with the deceased person. While the application of this rule would not make the third-party defendant in this case incompetent as a witness as he clearly was not an opposite party to his intestate, he nonetheless, even though competent, cannot testify to a communication with his intestate which is otherwise inadmissible. To be admissible the declaration of a deceased person must be against his interest. *Code* § 38-309. The testimony questioned here is a declaration of a deceased person favorable to her interest. This is inadmissible hearsay. *Rabun v. Wynn,* 209 Ga. 80 (70 SE2d 745). The trial court did not err in excluding the testimony.

3. The evidence authorized the judgment for plaintiff.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED JUNE 1, 1970—DECIDED SEPTEMBER 18, 1970.

*Richard V. Karlberg, Jr.,* for appellants.
*Paul S. Weiner,* for appellee.