47861. SEGARS et al. v. CORNWELL.

ARGUED FEBRUARY 5, 1973 — DECIDED
FEBRUARY 19, 1973.

*Ray M. Tucker,* for appellants.

*James M. McDaniel,* for appellee.

DEEN, Judge. ■ "Where a deed or grant refers to a plat as furnishing the description of the land conveyed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control, so far as limits are concerned, as if such descriptive features were written out on the face of the deed or grant itself." *Westbrook v. Comer,* 197 Ga. 433 (2) (29 SE2d 574). While the first deed from the subdivision developer to Cornwell was superseded, it supports his testimony that he purchased lake privileges as appurtenant to his real property, and the plat shows the lake in question as the one involved in this litigation. While the legal opinion incorporated in the minutes did not of itself create an estoppel to assert that adjacent landowners might be charged dues, it constituted notice to the mangement corporation that the owners' contention they were entitled to use land platted for recreational purposes was supported by competent legal authority. In fact, the defendants did not even attempt to support a contrary legal position, contending only that the grant of "lake privileges" did not mean "free lake privileges." But the question of upkeep of recreational facilities is not here involved; the plaintiff was subjected to a charge of criminal trespass merely for walking upon the land. Under these circumstances the questions of malice, probable cause and lack of good faith were properly submitted to the jury. Where an entire subdivision is developed and sold by the original owners by the establishment of a general scheme in reliance upon which the lots are purchased, in reference to a recorded plat showing available land uses, an obligation rests upon such developers and their successors in title to make such land uses available to all purchasers equally. Cf. *Jones v. Lanier Development Co.,* 188 Ga. 141, 147 (2 SE2d 923). This subdivision was planned, the lake

constructed, and recreational areas set aside, for the purpose of selling lots, whether those lots were contiguous to the waterfront or not. Enumerations of error 2, 3, 5 and 6 are without merit.

■ It is true that a void warrant may not be the basis of a legal arrest and may not therefore serve as the basis of an action for malicious prosecution. *Lowe v. Turner,* 115 Ga. App. 503 (154 SE2d 792); *J. C. Penney Co. v. Green,* 108 Ga. App. 155, 157 (132 SE2d 83). An affidavit serving as the basis of a valid arrest warrant must be "on oath." Code Ann. § 27-105. This is interpreted in *Jackson v. State,* 34 Ga. App. 519 (130 SE 360) as a showing that something was done by the affiant "signifying that he consciously took upon himself the obligation of an oath." Segars, the affiant, testified that he was not "administered" an oath at the time the affidavit was made, but that he signed it, he stated on oath the facts contained in it, and "When I signed it, I guess I signed the oath . . . I say if I signed an oath here, I signed one; yes, sir, but I didn't take an oath; signed an oath . . . Q. You did sign an oath? A. Yes." The testimony of the witness was sufficient to authorize a finding that he consciously took the obligation upon himself.

■ Attorney fees, bail bonds, and loss of time are special damages which may be recovered in an action for malicious prosecution. *Atlantic C. L. R. Co. v. Wegner,* 90 Ga. App. 267 (83 SE2d 58). "The recovery shall not be confined to the actual damage sustained by the accused, but shall be regulated by the circumstances of each case." Code § 105-808. Actual monetary damages as well as injury by being refused the use of the lake area, were testified to by the appellee. The jury was authorized to find that general and special damages ensued from the arrest.

■ The appellants further contend that the trial court erred in instructing the jury that by ratification of a tort

committed for one's benefit the ratifier becomes liable as if he had commanded it; also in charging them that if they found the plaintiff entitled to recover they should return a verdict against both defendants. The uncontradicted evidence was to the effect that Segars was president of Swan Lake Estates, Inc., that he personally signed the criminal warrant under oath and went with the constable, Mr. Cole to the shore of Swan Lake when the latter made the arrest, that Cole was also secretary-treasurer of the corporation and another person, a member of the board of directors, was also present; that he took out the warrant for the board of directors and with their approval, and that the complete board of directors attended the commitment hearing before the justice of the peace where Cornwell was bound over to the grand jury. A finding was thus demanded that Segars was acting as agent for the corporation and that his acts were both approved and ratified by its board of directors. The instructions were proper, and equivalent to informing them that the evidence demanded a finding that, if the tort was in fact committed, it was committed jointly. The court does not err in charging the jury that a certain fact has been proved, where it is established by undisputed evidence. *Snellings v. Rickey,* 57 Ga. App. 836 (2) (197 SE 44).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*