### 48593. SWANDER v. EDWARDS & SONS BURGLAR ALARM COMPANY, INC.
### 48594. INGRAM v. EDWARDS & SONS BURGLAR ALARM COMPANY, INC.

BELL, Chief Judge. The plaintiffs in these cases brought separate suits against the defendant to recover for alleged overtime wages due under the Federal Fair Labor Standards Act. The cases were tried together and a jury returned a verdict for the defendant in each case. At issue on appeal are the failure to give certain requested charges and a portion of the court's charge to the jury.

The evidence at trial was in conflict. Plaintiffs by their evidence showed that they were required to work overtime for the defendant on weekends and did not receive the time and a half compensation required by the Fair Labor Standards Act. The defendant established by evidence that the plaintiffs were not required to work on the weekends but both volunteered to perform this extra duty at an agreed compensation; that they

were only required to be within telephonic communication to answer emergency calls from malfunctioning burglar alarm systems as needed and that they were paid for their services at the agreed figure. The compensation for the weekend work accepted by the plaintiffs was less than the time and a half rate for their regular employment. *Held:*

1. Pursuant to the plaintiffs' request the court instructed the jury that ". . . no agreement by the employees entered into before or during their period of employment to work for less than minimum wages, or not to accept overtime compensation or to accept overtime compensation rates lower than that provided by this Act is valid, and no acquiescence by employees by failing to report overtime would be effective." The court then added ". . . any employee can certainly make a voluntary and free agreement with anybody to do what we call sometimes, in the marts of trade, a moonlight job. . ." It is argued that the instruction concerning moonlighting completely contradicted the first quoted portion of the charge. The evidence was in sharp conflict as to whether or not the plaintiffs were required to perform this extra duty. The defendant's whole theory of the case was that plaintiffs were not required to work on the weekends and they did so freely and voluntarily at the stipulated rate of pay they received. The excerpt re "moonlighting" was warranted by the evidence. When read as a whole the "moonlighting" excerpt was not contradictory to the plaintiffs' requested charge.

2. All the other enumerations of error concern the failure of the trial court to give requested charges. The plaintiffs' brief as to these issues contains nothing more than their contentions which are unsupported by citation of authority or argument. These enumerations must be treated as abandoned. *Edwards v. Johnson,* 122 Ga. App. 462 (1) (177 SE2d 490).

*Judgments affirmed. Deen and Quillian, JJ., concur.*

Argued September 12, 1973— Decided January 29, 1974.

*Joseph J. Anthony,* for appellants.
*Zachry & Land, Herbert B. Zachry,* for appellee.