## 55791. MAHAN v. FORD MOTOR COMPANY.

BELL, Chief Judge.

This is a post judgment garnishment case. The defendant judgment debtor was served with a written notice of the proceeding. The garnishee answered that it was indebted to defendant in a particular amount. Defendant filed a traverse to the affidavit challenging only that the written notice he received was insufficient and not timely served. The trial court overruled the traverse and defendant has appealed. *Held:*

1. Code § 46-105 (a) requires that a judgment defendant be given notice of the filing of the first summons of garnishment utilizing any one of several specified methods. This statute authorizes giving "written notice" to defendant by mail, which was utilized here. Code § 46-105 (a) (2). The statute defines written notice as consisting of ". . . a copy of the summons of garnishment or of a document which includes the names of the plaintiff and the defendant, the amount claimed in the affidavit of garnishment, a statement that a garnishment against the property and credits of the defendant has been or will be served on the garnishee and the name of the court issuing the summons of

garnishment." Code § 46-105 (b). The written notice which defendant admits receiving purports to be an unsigned copy of the summons of garnishment. On its face it reflects the names of the plaintiff and defendant, the amount claimed, and the name of the issuing court, the State Court of Fulton County. On the reverse side under the heading important instructions for defendant is a statement that ". . . 5. A garnishment against the property and credits of the defendant has been or will be served on the garnishee." Therefore the written notice given defendant here complied with the statute as a "document" containing the specified information which was furnished to him. The fact that it was unsigned is of no consequence.

2. The other issue raised, the timeliness of the service of the notice, has not been supported by argument or citation of authority in defendant's brief. Defendant in his brief has only asserted contentions on this question and this results in an abandonment of this enumeration of error. *Edwards v. Johnson,* 122 Ga. App. 462 (177 SE2d 490).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED MAY 15, 1978 — DECIDED JUNE 19, 1978.

*Martin L. Fierman,* for appellant.
*Virginia A. Bips,* for appellee.