61283. McDONALD CHEVROLET OLDS, INC. v. GAILEY.

McMURRAY, Presiding Judge.

Plaintiff W. H. Gailey, d/b/a Gulf Oil Products, brought this suit on an account against McDonald Chevrolet Olds, Inc., an automobile dealership. Defendant answered, denying plaintiff's claim. The matter was tried before a jury which returned a verdict in favor of plaintiff in the amount of $4,758.16. Defendant appeals. *Held:*

1. Defendant presented evidence intended to establish a defense of accord and satisfaction. This issue being presented by the evidence before the jury, the trial court charged the jury on the definition of accord and satisfaction and the settlement of the disputed amount taken from the suggested pattern jury instructions of the Council of Superior Court Judges of Georgia (Vol. 1: Civil Cases, III-1, 2, p. 27). At the same time the trial court refused to give in charge to the jury several of defendant's requested charges on the issue of accord and satisfaction. The charge as given by the trial court was complete and sufficient to guide the jury in the decision of the factual issues submitted by the evidence presented at trial and encompassed the issues covered by defendant's requested charges which were not given. So long as the trial court submits to the jury proper charges from the issues presented by the evidence the trial court is not required to do so in specific language requested by the parties. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (3), 18 (195 SE2d 417).

2. Defendant also enumerates as error the trial court's instruction to the jury that the losing party paid costs, which costs, however, did not include attorney fees. The defendant argues that since no issue of attorney fees was in evidence no comment thereon should have been made by the trial court and that in view of the comment the jury could easily have felt that the plaintiff, in having to pay attorney fees, would have received so little that they should require the defendant to pay the full amount sought by the plaintiff. The trial court also instructed the jury that he was giving the

instructions regarding this matter so the jury would not get bogged down about such questions as attorney fees which are not in the case, as a matter of fact.

In view of this final comment by the trial court in instructing the jury that the issue of costs and attorney fees was not to be considered by them and pointing out such matters were not relevant to the issues before them, we find no error. See *Foremost Dairy Products v. Sawyer,* 185 Ga. 702, 719 (11) (196 SE 436); *Atlantic C. L. R. Co. v. Wegner,* 90 Ga. App. 267, 273 (4) (83 SE2d 58).

3. All other grounds of error merely stated in the argument that same were error in that the court failed to give several of defendant's written requests to charge. These enumerations of error are deemed abandoned since the argument fails to show injury in the failure to give these written requests. *Goodwyne v. State,* 38 Ga. App. 183, 184 (8) (143 SE 443); *Benefield v. Benefield,* 224 Ga. 208, 209 (5) (160 SE2d 895); *Edwards v. Johnson,* 122 Ga. App. 462 (1) (177 SE2d 490).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 11, 1981.

*Douglas W. McDonald,* for appellant.
*M. Keith York,* for appellee.